C. L. Nelms, Plaintiff in Error.

*v.*

State of Tennessee, Defendant in Error.

413 S.W.2d 378.

(*Knoxville,* September Term, 1966.)

Opinion filed March 17, 1967.

728

H. D. KERR, Cleveland, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and EDGAR P. CALHOUN, Assistant Attorney General, Nashville, for defendant in error; and JAMES P. WATKINS, JR., District Attorney General, 4th Judicial Circuit, Loudon, prosecuted the case for the State in the trial court.

MR. SPECIAL JUSTICE WILLIAM J. HARBISON delivered the opinion of the Court.

Plaintiff in error was indicted in the Circuit Court of Polk County, Tennessee, for fraudulent breach of trust. He was found to be indigent and the trial court appointed counsel to represent him in the criminal proceedings, pursuant to T.C.A. sec. 40-2017.

Plaintiff in error was tried on July 20, 1966, and found guilty of the charges contained in the indictment. Counsel fees were allowed to his court-appointed attorney, as provided by law.

Following the trial the court-appointed attorney for plaintiff in error filed a motion for a new trial, which was heard and overruled on September 15, 1966. An order was entered on September 27, 1966, reflecting the action of the trial court and granting an appeal in error to this Court. Plaintiff in error was allowed thirty days within which to file his bill of exceptions.

The order overruling the motion for a new trial states:

The defendant having been found to be indigent, and defense counsel having been appointed by the Court, the official Court Reporter for the State will prepare the record of the trial in this cause, at the expense of the State as provided by law, and deliver the same to defense counsel, Mr. H. D. Kerr, Attorney at Law, Cleveland, Tennessee, within twenty (20) days from the entry of this Order, immediately upon the filing of which the Clerk will advise the Court Reporter and forward to him a copy hereof with the filing date marked thereon.

The technical record reflects that a proper appearance bond was filed on September 29, 1966, but no bill of exceptions has been filed in the case.

Accompanying the technical record in this case is a purported transcript of the testimony heard at the trial and of the charge of the court, but such transcript has not been approved by the trial judge, nor does the same appear to have been filed in the trial court.

█ It is well settled, of course, that a bill of exceptions must be filed within thirty days from the entry of the order of the trial court which occasioned the filing of the bill of exceptions, although an extension of the time for filing a bill of exceptions may be applied for within

that thirty day period, and an additional period, up to an additional sixty days, can be granted. T.C.A. sec. 27-111. Unless a proper bill of exceptions has been filed reflecting the evidence introduced at the trial and the charge of the court, this Court, of course, cannot review anything other than the technical record. *Duboise v. State,* 200 Tenn. 93, 290 S.W.2d 646 (1956); *Thomas v. State,* 206 Tenn. 633, 337 S.W.2d 1 (1960).

We have reviewed the technical record in this case and no error appears therein. Accordingly, the plaintiff in error has been effectively deprived of his right to appellate review of the merits of his case by reason of the failure of his court-appointed counsel to timely obtain and file a bill of exceptions.

An affidavit has been filed before us by the court-appointed counsel for plaintiff in error, stating that he received the transcript from the official court reporter on October 6, 1966, which was well within the thirty-day period following the entry of the order overruling the motion for a new trial on September 27, 1966. The affidavit states that counsel on that date sent the record to the District Attorney General who had tried the case, requesting his approval of the transcript. Counsel further requested the District Attorney General after receipt and approval of the bill of exceptions to forward it to the trial judge. According to the affidavit counsel attached to the transcript sufficient mailing labels, and postage to enable the District Attorney General to forward the transcript to the judge, and also to enable the trial judge to mail the transcript from his home to the office of the Criminal Court Clerk in Polk County.

The affidavit states that on October 24, 1966, counsel for plaintiff in error learned that the transcript had not

been filed in the office of the Criminal Court Clerk. It does not appear that counsel at that time, or any other time, contacted the trial judge for an extension of time for filing the transcript, as is authorized by T.C.A. sec. 27-111. Had the trial judge been contacted he would almost certainly have granted such an extension as a routine matter. Nevertheless, according to the affidavit before us, counsel for plaintiff in error, instead of seeking an extension, wrote to the District Attorney General, stating that the transcript had not been filed in the Criminal Court Clerk's office. Counsel apparently did nothing thereafter until October 28, 1966, at which time he received a call from the trial judge stating that he had received the transcript on October 28, 1966, but that the thirty-day period for approving and filing same had expired. The trial judge declined to sign the bill of exceptions and returned it to counsel with an explanation of his reason.

■ Whether all of the foregoing material be deemed properly before this Court or not, it affirmatively appears that an indigent defendant has been deprived of an appellate review of his case on the merits by reason of delay or non-action on the part of state agencies. It does not appear that he has voluntarily or freely waived his right of appeal. Under these circumstances we have no alternative but to reverse this case and remand it for a new trial, in order that a proper record may be made and in order that the accused may be afforded an effective appellate review if desired.

By T.C.A. sec. 40-2017 it is provided that in all felony cases, if the accused is not represented by counsel and the court determines that he is an indigent person who has not waived his right to counsel, the court shall ap-

point to represent the accused either the public defender, if there be one for the county, or else a competent attorney licensed to practice in the State. This, of course, was done in the instant case.

It is further provided by T.C.A. sec. 40-2018 that an attorney appointed to represent an accused in a felony case

> * * * shall proceed to counsel with and represent such person at all stages of the proceedings before the court which appointed him, and also upon any appeal from the judgment of such court which imposes a prison sentence.

T.C.A. secs. 40-2029 to 40-2043 provides for transcripts to be furnished in felony cases and T.C.A. sec. 40-2037 expressly provides that upon direction of the court in the case of an indigent defendant, a reporter designated by the court shall transcribe from the original record such parts of the proceedings as are requested, attach his official certificate and deliver the transcript as requested. This section expressly provides, however, that there is no change or amendment in the procedure for perfecting an appeal as provided in Chapter 1, of Title 27 of the Tennessee Code Annotated. Thus, there is no change in the time when a bill of exceptions must be filed or in the period during which an extension for filing may be obtained.

We are of the opinion that it is the responsibility not only of court-appointed counsel, but of the trial judge and of the District Attorney General as well to see that the rights of an indigent to an effective appellate review are protected under these Code sections. Where a trial court appoints counsel for an indigent defendant in felony

cases, under T.C.A. sec. 40-2014, et seq., and where an appeal is prayed on behalf of such indigent, it becomes the duty of all the State officials involved,—official reporter, trial judge, district attorney general, and court-appointed counsel for the accused—to see that an appeal is properly perfected and a bill of exceptions timely filed. This has not been done in the present case, and the action of state agencies, as distinguished from privately employed counsel, is involved.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.