STATE OF TENNESSEE ex rel. GEORGE B. GREEN,
Plaintiff in Error,

*v.*

C. MURRAY HENDERSON, Warden, Tennessee State
Penitentiary, Defendant in Error.

421 S.W.2d 86.

(*Nashville,* December Term, 1966.)

Opinion filed November 3, 1967.

JOHN KYLE, Assistant Public Defender, Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and ROBERT F. HEDGEPATH, Assistant Attorney General, Nashville, for defendant in error. THOMAS SHRIVER, District Attorney General, and JAMES R. OMER, Assistant District At-

torney General, Nashville, represented the State in the trial court.

MR. JUSTICE DYER delivered the opinion of the Court.

The plaintiff in error, George B. Green, was indicted in the Criminal Court of Davidson County; Tennessee, on four charges of forgery. He was found to be indigent and the trial court appointed counsel to represent him in the criminal proceedings. Upon the trial in March, 1962, he was found guilty on all counts and sentenced to serve twenty years in the State Penitentiary. There was no appeal from this conviction and plaintiff in error is now confined in the State Penitentiary, pursuant to the judgment against him in March, 1962.

In October, 1966, plaintiff in error filed a petition for the writ of habeas corpus, alleging that the judgment against him in March, 1962, was void. The trial judge, after a full hearing, dismissed the petition. The appeal here is on the ground that plaintiff in error was denied his right of appeal from the judgment of March, 1962.

There is no conflict in the evidence on the point at issue. After the jury verdict, plaintiff in error made known to his court-appointed counsel his desire to appeal. Court-appointed counsel informed plaintiff in error, in effect, there was no need to appeal since there was nothing in the record upon which to prosecute a successful appeal. Even after being told of lack of merit in his case, plaintiff in error still desired to appeal and so informed his court-appointed counsel. The record also reflects, without contradiction, that the trial judge was never informed of plaintiff in error's desire to appeal.

We think this case is controlled by the holdings of this Court in the recent cases of *Lake Russell, Warden, etc. v. State of Tennessee ex rel. Arthur,* 218 Tenn. 118, 401 S.W.2d 586 (1965), and *Nelms v. State,* 219 Tenn. 727, 413 S.W.2d 378 (1967). In the *Nelms* case we said:

We are of the opinion that it is the responsibility not only of court-appointed counsel, but of the trial judge and of the District Attorney General as well to see that the rights of an indigent to an effective appellate review are protected under these Code sections. Where a trial court appoints counsel for an indigent defendant in felony cases, under T.C.A. sec. 40-2014, et seq., and where an appeal is prayed on behalf of such indigent, it becomes the duty of all the State officials involved,— official reporter, trial judge, district attorney general, and court-appointed counsel for the accused—to see that an appeal is properly perfected and a bill of exceptions timely filed. 219 Tenn. at 732, 413 S.W.2d at 381.

We can understand and appreciate court-appointed counsel not desiring to appeal a case where there is no merit in the appeal, even when indigent defendant

requests an appeal. Possibly, under such circumstances, counsel should petition the court to be relieved of the appointment. The failure of court-appointed counsel upon request to perfect an appeal does violence to the rights of an indigent defendant to an effective appellate review. Stated in another way, counsel for an indigent defendant who desires to appeal is without authority to make a judgment on the merits of the appeal to the point where his judgment controls whether there will, in fact, be an appeal.

The judgment of the trial judge is reversed, the petition for the writ of habeas corpus is granted, and plaintiff in error remanded to the custody of the proper officials of Davidson County, Tennessee, to again stand trial upon the forgery indictment.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.