**In re Erhan OZEY, Debtor.**

**Funda A. OZEY, Erfun Ozey, Cüneyt Serdar and Ferhan Salih Ozey, Plaintiffs,**

**v.**

**Erhan OZEY, Defendant.**

**Bankruptcy No. 93–04157–W.**

**Adv. No. 94–0039–W.**

United States Bankruptcy Court, N.D. Oklahoma.

April 21, 1994.

Steven M. Harris, Doyle & Harris, Tulsa, OK, for plaintiffs.

J. Philip Adamson, Adamson & Zirkle, Tulsa, OK, for debtor/defendant.

*ORDER GRANTING "MOTION FOR SUMMARY JUDGMENT" (AS TO PLAINTIFFS FUNDA, ERFUN AND FERHAN OZEY)*

MICKEY DAN WILSON, Chief Judge.

Plaintiffs Funda Ozey ("Funda"), Erfun Ozey ("Erfun"), Ferhan Salih Ozey ("Ferhan") and Cüneyt Serdar ("Serdar") move for summary judgment against defendant Erhan Ozey ("Erhan"). Upon consideration of the record herein, this Court determines, concludes and orders as follows.

Erhan was married to Funda. Erfun and Ferhan are their children. Serdar is Erfun's

and Ferhan's uncle. In about 1982–1983, Funda divorced Erhan. In 1983, Erhan and Funda made an agreement for property division, alimony and child support, which was incorporated in a "Journal Entry" filed July 13, 1983 in the District Court in and for Tulsa County, State of Oklahoma. Paragraph 3 of that document provided as follows:

That [Erhan] shall pay as and for child support the sum of $450 per child per month beginning with a payment July 15, 1983 in the amount of $900 to [Funda] and continuing thereafter throughout the minority of the children or until further Order of this Court; further as and for child support, [Erhan] shall carry major medical insurance coverage on the children and pay all medical expenses in relation to the children. [Erhan] further agrees to pay all reasonable expenses incurred by the children for college to enable each to obtain a four year undergraduate degree including, but not limited to, the payment of tuition, books, room and board at the college of the child's choice, to which either [Funda] or [Erhan] has concurred. [Erhan] shall be entitled to the dependency deduction for income tax purposes,

Mot. ex. A p. 2. Ten years later, Funda and Erhan agreed to modify the original agreement; the modifications were incorporated in a "Journal Entry of Judgment" filed on August 24, 1993 in the District Court in and for Tulsa County, State of Oklahoma. The second sentence quoted above (from "[Erhan] further agrees …" to "… [Erhan] has concurred") was deleted, and the following substituted therefor:

[Erhan] further agrees to financially contribute to the expense of a college education for the children by paying in-state tuition to any of the state colleges in Oklahoma, books and reasonable room and board for four years of undergraduate education up to the amount of, but in no event exceeding, the expense of in-state tuition, books and reasonable room and board at the University of Oklahoma at that time, even if the children elect to go to a private college or to an out-of-state college; PROVIDED, [Erhan's] obligation to financially contribute to the expense of a college edu-

cation for the children shall cease for a child when said child, for a period of two consecutive semesters, fails to maintain satisfactory academic progress which results in the child being placed on probationary status, and in no event shall [Erhan] be obligated for more than four years of financial contributions beginning with a child's initial enrollment at college,

Mot. ex. B pp. 1–2. On December 30, 1993, Erhan filed his petition for relief under 11 U.S.C. Chapter 7 in this Court.

On January 31, 1994, Funda, Erfun, Ferhan and Serdar filed their complaint commencing this adversary proceeding. They allege that Ferhan is a minor, which implies that Erfun is not a minor. "Erhan … failed to pay for Erfun['s] … spring semester's tuition, books, and room and board at Northeastern State University in Tahlequah, Oklahoma. Erfun … was required to obtain a loan from … Serdar … in order to pay said expenses," complaint pp. 2–3 ¶ 6. They assert that "Erhan['s] … agreement to pay for his children's college education … constitutes 'support' and therefore, is non-dischargeable pursuant to 11 U.S.C. [§] 523(a)(5)," id. p. 3 ¶ 7. That statute excepts from discharge "any debt …

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record … or property settlement agreement, but not to the extent that …

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support …"

They allege no acts or omissions regarding Ferhan; but they apparently fear that Erhan will fail to support Ferhan in future as he has allegedly failed to support Erfun in the recent past.

On March 14, 1994, Erhan answered. He asserts that Serdar "is neither a spouse, former spouse, or child of [Erhan]" and is therefore not a member of "the protected class set forth in … § 523(a)(5)," ans. p. 1

¶ 2; that the "inten[t]" of the agreement was merely "to help their children ... obtain a college education ... *if financially feasible*" (emphasis added), ans. pp. 1–2 ¶ 3, and Erhan currently "lack[s] the financial ability to do so," *id.* ¶ 4; and that "Erhan['s] ... contract agreement ... does not constitute support and is therefore dischargeable ...," *id.* ¶ 5.

On March 18, 1993, Funda, Erfun, Ferhan and Serdar filed their "Motion for Summary Judgment" and "Brief in Support ..." thereof. They argue as follows:

> The law in Oklahoma states that "[A]ny child shall be entitled to support by the parents until the child reaches eighteen (18) years of age." 12 O.S. § 112(D). However, the bankruptcy code and the case law provide that what constitutes alimony, maintenance, or support will be determined under the bankruptcy laws, not state law. The Court in *In re Harrell*, 754 F.2d 902 ([11th Circ.] 1985), addressed this very issue when it stated:
>
>> Debtor contends that his obligation to pay post-majority educational expenses and child support is dischargeable because he was not required under relevant state law to support his son past the age of majority. We do not accept this argument. For several reasons we reject debtor's premise, that an obligation is "actually in the nature of support" only if it could have been imposed under the relevant state law legal duty of support.
>>
>> \*     \*     \*     \*     \*     \*
>>
>> We are of ... opinion in the present case, that the nature of debtor's promise to pay educational expenses and child support is not determined by the legal age of majority under state law ...
>>
>> \*     \*     \*     \*     \*     \*
>
> In the present case, [Erhan's] promise to financially contribute to the expense of a college education for his children must be characterized in the nature of support under federal law and therefore, it is not dischargeable in bankruptcy,

Movants' brief pp. 4–5.

On April 7, 1994, Erhan filed his response to the motion for summary judgment. Therein he repeats the assertions of his answer; adds the allegation that "Erfun ... was not a minor child ... on August 23, 1993, but was emancipated ...," resp. p. 3 ¶ 4(B); and argues that, under the cases of *Sylvester v. Sylvester*, 865 F.2d 1164 (10th Circ.1989) and *In re Goin*, 808 F.2d 1391, 1392 (10th Circ.1987), the "intent" of the agreement must be determined "in an evidentiary hearing," *id.* ¶ 5.

Summary judgment means judgment without trial. It is proper only if the movant shows the Court that there are no genuine issues of fact and that, given the undisputed facts, movant is entitled to judgment in his favor as a matter of law, F.R.B.P. 7056 adopting F.R.Civ.P. 56(c).

Erhan defends against Funda, Erfun and Ferhan on the ground that the agreement between Funda and Erhan was conditioned on financial ability as determined by Erhan himself. The language of the agreement, in both original and modified forms, contains no hint of any such qualification. The original agreement places its explicit provisions for "support" in the same paragraph with the provisions for paying college expenses, and separates all of these from provisions dealing with "settlement of ... property rights," which are placed in different paragraphs. The original agreement nowhere gives Erhan an option to decide for himself whether or not he ought to make such payments. The modified agreement speaks explicitly of Erhan's "obligation," not his "option." In *In re Yeates*, 807 F.2d 874 (10th Circ.1986), it is held that

> A written agreement between the parties is persuasive evidence of intent ... Thus, if the agreement between the parties clearly shows that the parties intended the debt to reflect ... support ..., then that characterization will normally control. On the other hand, if the agreement is ambiguous, then the court must determine the parties' intentions by looking to extrinsic evidence,

*Id.* p. 878. The agreement here is not ambiguous—no one would suspect from reading its provisions that Erhan might have any such option as he claims. Therefore, Erhan's offer of testimony contradicting the unambiguous terms of the agreement is inadmissible and/or conclusively unpersuasive. There is no *genuine* issue that Erhan owes an *obligation* of support under this agreement; and to that extent, Funda, Erfun and Ferhan are entitled to judgment in their favor as a matter of law.

Erhan defends against Funda, Erfun and Ferhan on the further ground that his "contract agreement ... does not constitute support ..." The college-expenses provisions of the agreement bear no relation to any scheme of "property settlement;" and Erhan's own answer concedes that the agreement was "intended to help [i.e., "support"] the ... children." The college-expenses provisions are clearly in the nature of support, and cannot seriously be described as anything else. To that extent, Funda, Erfun and Ferhan are entitled to judgment in their favor as a matter of law.

There appears to be some question of the effect of Erfun's majority on Erhan's obligation. Movants' reference to "12 O.S. § 112(D)" seems to mean former 12 O.S. § 1277(B), now 43 O.S. § 112(D). That statute indicates that the State of Oklahoma imposes no *automatic, general, statutory* obligation on a parent to support his child beyond the age of majority. That statute does not say that a *voluntary, particular, contractual* obligation of a parent to support his child suddenly becomes invalid and unenforceable when the child reaches the age of majority. Erhan's voluntary undertaking to provide his children's college expenses is enforceable *as a contract,* notwithstanding the expiration of any duty which Erhan may have owed his children *under the statute without any contract.* To this extent, Funda, Erfun and Ferhan are entitled to judgment in their favor as a matter of law.

Erhan defends against Serdar on the ground that Serdar is not a member of the class protected by § 523(a)(5). It is possible that Serdar might in some manner accede or be subrogated to the rights and position of Funda and/or Erfun under § 523(a)(5). But Serdar does not even mention the issue in his brief. Serdar does not show this Court that he is entitled to judgment in his favor on this issue as a matter of law.

Accordingly, movants' motion for summary judgment must be and is hereby granted as to Funda, Erfun and Ferhan. The Court does not hereby determine the exact amount owing by Erhan to Funda, Erfun and Ferhan as support for college expenses; but the Court does determine that such amount, whatever it may be, is excepted from discharge under 11 U.S.C. § 523(a)(5). Judgment in favor of Funda, Erfun and Ferhan shall issue accordingly. However, judgment for or against Serdar must await further proceedings.

AND IT IS SO ORDERED.