IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 8, 1999 Session

## LINDA LOUISE PARNHAM v. WAYNE LEE PARNHAM

**Appeal from the Circuit Court for Davidson County**
**No. 90D-3354      Muriel Robinson, Judge**

————————————

**No. M1998-00915-COA-R3-CV - Filed February 14, 2001**

————————————

This appeal involves the continuing obligation of a non-custodial parent to pay child support following a discharge in bankruptcy. The custodial spouse filed a petition in the Circuit Court for Davidson County seeking to enforce the modified child support provision in their marital dissolution agreement. The non-custodial parent responded that his discharge in bankruptcy relieved him of any further obligation to pay this support. Following a hearing, the trial court held that the non-custodial spouse's Chapter 7 bankruptcy did not discharge his child support obligation but denied the custodial spouse's requests for attorney's fees and for a wage assignment. Both parties have appealed. We have determined that the trial court properly concluded that the non-custodial spouse's child support obligation had not been discharged but that the trial court erred by declining to award the custodial spouse her attorney's fees and by refusing to grant her request for a wage assignment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Fred C. Dance, Nashville, Tennessee, for the appellant, Wayne Lee Parnham.

Grayson Smith Cannon, Goodlettsville, Tennessee, for the appellee, Linda Louise Parnham.

### OPINION

In January 1991, Linda Louise Parnham and Wayne Lee Parnham were divorced in the Davidson County Probate Court on grounds of irreconcilable differences.[1] Their final decree of divorce incorporated a negotiated marital dissolution agreement. As required by Tenn. Code Ann.

---

[1]Neither side to this appeal has filed a transcript nor a statement of the evidence as allowed by Tenn. R. App. P. 24(c). The only record we have in this case is the technical record consisting of pleadings, motions, and orders. We, therefore, consider only what appears in the technical record. *See Nelms v. State*, 219 Tenn. 727, 730, 413 S.W.2d 378, 380 (1967); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989).

§ 36-4-103(b) (Supp. 2000), this agreement disposed of the parties' marital property and debts and made provisions for the custody and support of the parties' children. Ms. Parnham received custody of the parties' two minor children, and Mr. Parnham agreed to pay $277 in bi-weekly child support until the younger child reached eighteen years of age. The agreement also provided that Mr. Parnham would continue to pay child support for either child who attended college until that child became twenty-two years old. In addition, the decree provided that Mr. Parnham would be required to pay Ms. Parnham's attorney's fees, related expenses, and court costs if she was required to return to court to enforce the support provisions in the marital dissolution agreement.

Approximately four years after the divorce, Ms. Parnham petitioned the trial court to modify Mr. Parnham's child support obligation. In November 1995, the Second Circuit Court for Davidson County entered an order reducing Mr. Parnham's child support obligation from $277 to $186.92 because the parties' older child had reached the age of eighteen. Sometime after November 1995, Mr. Parnham filed a Chapter 7 bankruptcy petition.[2] On March 21, 1996, he received a Chapter 7 discharge of his scheduled debts.[3]

In September 1997, Ms. Parnham filed a petition to enforce the modified child support provisions in the parties' marital dissolution agreement. She asserted that Mr. Parnham had stopped paying child support in May 1997 after the parties' younger child graduated from high school. She insisted that Mr. Parnham was still obligated to pay child support because the child had enrolled as a full-time student at Tennessee Technological University in the fall of 1997. Ms. Parnham specifically sought a judgment for the child support arrearage, the payment of her legal expenses, and a wage assignment to assure that she would continue to receive the child support.

Following a hearing in March 1998, the trial court entered an order concluding that Mr. Parnham remained obligated to support his younger child because he had enrolled in college and that this obligation was not discharged by Mr. Parnham's discharge in bankruptcy. Accordingly, the trial court ordered Mr. Parnham to pay Ms. Parnham $4,112.24 in back child support. However, the trial court declined to award Ms. Parnham her attorney's fees and to order a wage assignment. Mr. Parnham has now appealed the trial court's conclusion regarding the dischargeability of his child support obligation. In accordance with Tenn. R. App. P. 13(a), Ms. Parnham has taken issue with the trial court's failure to give her a judgment for her attorney's fees and to order a wage assignment.

## I.
### THE DISCHARGEABILITY OF MR. PARNHAM'S CHILD SUPPORT OBLIGATION

Mr. Parnham asserts that his March 21, 1996 discharge in bankruptcy legally relieved him from any continuing obligation to pay child support for his younger child beyond the child's

---

[2] The record does not contain a copy of Mr. Parnham's bankruptcy petition, his bankruptcy schedules, or the bankruptcy court's order of relief.

[3] The record does not contain a copy of Mr. Parnham's Chapter 7 discharge. We derived the date of the bankruptcy discharge from a recitation in the trial court's June 2, 1998 agreed order in this case.

eighteenth birthday.[4]  Specifically, he argues (1) that the trial court lacked subject matter jurisdiction to make a dischargeability determination, (2) that Ms. Parnham did not question the dischargeability of the child support obligation within the time required by the federal bankruptcy rules, and (3) that his obligation to support his younger child beyond the age of eighteen was merely a contractual debt subject to being discharged in bankruptcy. We have determined that the trial court had subject matter jurisdiction to determine whether Mr. Parnham had a continuing obligation to support his younger child and that the trial court properly determined that Mr. Parnham's discharge in bankruptcy did not relieve him of his child support obligation.

## A.

A discharge in bankruptcy is an involuntary release by operation of law of asserted and non-asserted claims by a creditor against a person or entity that has filed a petition under the Bankruptcy Code and that has abided by its rules. *In re Dow Corning Corp.*, 255 B.R. 445, 476 (E.D. Mich. 2000); *In re Arrowmill Dev. Corp.*, 211 B.R. 497, 503 (Bankr. D.N.J. 1997). It is at the heart of the fresh start provisions in Chapter 7 of the Bankruptcy Code that are designed to free up from past liabilities an individual's human capital (as manifested in future earnings) as well as future inheritances and gifts. Thomas H. Jackson, *The Fresh-Start Policy in Bankruptcy Law*, 98 Harv. L. Rev. 1393, 1396 (1985).

Notwithstanding its general policy of relieving debtors by canceling debt, the Bankruptcy Code expressly enumerates certain types of debts not canceled by discharge. 11 U.S.C.A. 523 (West 1993 and Supp. 2000). These debts are commonly referred to as "nondischargeable." 2 *Cowans Bankruptcy Law & Practice* § 6.1. Among the debts deemed nondischargeable are child support obligations contained in a divorce decree, 11 U.S.C.A. § 523(a)(5); *In re Bruner*, 43 B.R. 143, 147-150 (Bankr. E.D. Mo. 1984), and other debts between divorced parties, in addition to denominated alimony, maintenance, and support, that the debtor incurs in the course of a divorce, when the debtor has the ability to pay such debts or when their discharge would too greatly harm the creditor ex-spouse or child. 11 U.S.C.A. § 523(a)(15); *In re Hill*, 184 B.R. 750, 752-56 (Bankr. N.D. Ill. 1995); 2 *Cowans Bankruptcy Law & Practice* § 6.16.

Because not all debts are discharged in a Chapter 7 proceeding, the question often arises, as it has in this case, as to whether or not a particular debt is dischargeable. Whether a debt is

---

[4] The record contains no indication that Mr. Parnham ever filed a pleading or motion asserting his discharge in bankruptcy as an affirmative defense to Ms. Parnham's petition to enforce his child support obligation. Both Tenn. R. Civ. P. 8.03 and 12.02 require bankruptcy discharge to be pled as an affirmative defense. *Cf.*, *Jackson Bros. v. Harpeth Nat'l Bank*, 12 Tenn. App. 464, 471 (1930). However, 11 U.S.C.A. § 524(a)(1) (West 1993) makes void any judgment entered on a debt discharged in bankruptcy, regardless of whether the judgment debtor properly pled his or her bankruptcy discharge as a defense. 2 Daniel R. Cowans, *Cowans Bankruptcy Law & Practice* § 5.2 (7th ed. 1998) ("*Cowans Bankruptcy Law & Practice*"). The federal statutes governing bankruptcy proceedings trump our procedural rules by virtue of U.S. Const art. I, § 8, cl. 4 and the Supremacy Clause in U.S. Const. art. VI, cl.2. Accordingly, we will treat the issue of Mr. Parnham's discharge in bankruptcy as having been tried by consent. Tenn. R. Civ. P. 15.02; *Varley v. Varley*, 934 S.W.2d 659, 665 (Tenn. Ct. App. 1996); *First Nat'l Bank v. Hunter*, 22 Tenn. App. 626, 633-34, 125 S.W.2d 183, 188 (1938).

nondischargeable under 11 U.S.C.A. § 523(a)(5) or (15) is a question of federal, not state, law. *Grogan v. Garner*, 489 U.S. 279, 284, 111 S. Ct. 654, 657-58 (1991). Thus, similarly-situated debtors should receive nationwide uniform treatment. As one court has noted, a debtor in Wisconsin should not fare any better or worse than one in California or New Hampshire just because the state in which the bankruptcy court sits happens to have differently-worded domestic relations statutes. *In re Seibert*, 914 F.2d 102, 106 (7th Cir. 1990). Therefore, looking to federal law as providing the rules for decision in this case, *In re Brentwood Outpatient, Ltd.*, 43 F.3d 256, 264 (6th Cir. 1994), we turn to Mr. Parnham's specific dischargeability contentions.

## B.
### SUBJECT MATTER JURISDICTION TO DETERMINE DISCHARGEABILITY

Mr. Parnham asserts that the trial court lacked subject matter jurisdiction to determine whether his disputed child support obligation was nondischargeable under 11 U.S.C.A. § 523(a)(15). The question of subject matter jurisdiction is of seminal importance because courts must have jurisdiction over the subject matter of the disputes they are adjudicating in order to be able to render a valid judgment. *In re S. Lumber & Mfg. Co. v. Tennessee Ry.*, 141 Tenn. 325, 329, 210 S.W. 639, 640 (1919); *Gillespie v. State*, 619 S.W.2d 128, 129 (Tenn. Ct. App. 1981). Judgments or orders entered by courts lacking subject matter jurisdiction are void. *Brown v. Brown*, 198 Tenn. 600, 610, 281 S.W.2d 492, 497 (1955); *Riden v. Snider*, 832 S.W.2d 341, 343 (Tenn. Ct. App. 1991).

Mr. Parnham raises a valid point with regard to 11 U.S.C.A. § 523(a)(15). While state and federal courts, as a general matter, have concurrent subject matter jurisdiction to determine the dischargeability of 11 U.S.C.A. § 523(a)(5) debts, *In re Siragusa*, 27 F.3d 406, 408 (9th Cir. 1994); *In re Thaggard*, 180 B.R. 659, 662 (M.D. Ala. 1995), Congress's decision to include 11 U.S.C.A. § 523(a)(15) within the provisions of 11 U.S.C.A. § 523(c)(1) (granting federal courts exclusive jurisdiction over certain dischargeability disputes) effectively lodged subject matter jurisdiction over dischargeability contests under 11 U.S.C.A. § 523(a)(15) exclusively in the federal courts. *In re Stewart*, 208 B.R. 921, 923 (Bankr. E.D. Ark. 1997); *In re Armstrong*, 205 B.R. 386, 391 (Bankr. W.D. Tenn. 1996); *In re Morris*, 197 B.R. 236, 238 (Bankr. N.D.W. Va. 1996); Claude R. Bowles & Jessica B. Allman, *What the Bankruptcy Code Giveth, Congress Taketh Away*, 34 U. Louisville J. Fam. L. 521, 547 (1995-1996). Accordingly, the trial court does not have the subject matter jurisdiction to determine whether Mr. Parnham's child support debts are dischargeable under 11 U.S.C.A. § 523(a)(15).

Mr. Parnham's jurisdictional point concerning 11 U.S.C.A. § 523(a)(15), however, is not dispositive of this appeal.[5] While the trial court lacked subject matter jurisdiction to determine dischargeability on 11 U.S.C.A. § 523 (a)(15) grounds, unquestionably the trial court had subject

---

[5]While not dispositive of the entire appeal, our determination that the trial court lacked subject matter jurisdiction to ascertain dischargeability of Mr. Parnham's child support debt under 11 U.S.C.A. § 523(a)(15) makes it unnecessary for us to decide Mr. Parnham's argument that Ms. Parnham's complaint to determine dischargeability was untimely under Fed. R. Bankr. P. 4007 (stating that the time for filing complaints under 11 U.S.C.A. § 523(a)(15) is not later than sixty days from the first meeting of creditors). Accordingly, we pretermit discussion of that issue.

matter jurisdiction to determine whether Mr. Parnham's child support obligation was nondischargeable under 11 U.S.C.A. § 523(a)(5) as a debt for child support embodied in a divorce decree. *In re Rosenbaum*, 150 B.R. 994, 996 (E.D. Tenn. 1993); *Houghland v. Houghland*, 844 S.W.2d 619, 625 (Tenn. Ct. App. 1992). Inasmuch as the parties argued the dischargeability issue under both bankruptcy provisions, and the trial court did not specify whether the court found the debt nondischargeable under 11 U.S.C.A. § 523(a)(5) or 11 U.S.C.A. § 523(a)(15), we must analyze the dischargeability of Mr. Parnham's obligation under 11 U.S.C.A. § 523(a)(5).

## C.
### DISCHARGEABILITY UNDER § 523(a)(5)

Court-ordered support obligations to a former spouse or a child are excepted from discharge under Chapter 7. 11 U.S.C.A. § 523(a)(5). This exception has as its primary purposes: (1) the protection of spouses who may lack job skills or may be incapable of working, (2) the protection of dependent children, and (3) the protection of society from an increased welfare burden that might result if divorced spouses could avoid their familial responsibilities by filing bankruptcy. *Shaver v. Shaver*, 736 F.2d 1314, 1316 n.3 (9th Cir. 1984). It reflects Congress's desire to ensure that a debtor's dependents would not be left without support after a debtor's bankruptcy. *In re Bell*, 189 B.R. 543, 547 (Bankr. N.D. Ga. 1995); *In re Bishop*, 13 B.R. 304, 305 (Bankr. E.D.N.Y. 1981). Thus, a non-custodial parent's bankruptcy will not end payment of the court-ordered child support to a custodial parent. *Oregon v. Richards*, 45 B.R. 811, 812 (D. Or. 1984).

The courts determine whether a challenged obligation is nondischargeable by scrutinizing the martial dissolution agreement to ascertain whether the obligation actually provides support or whether it is, in reality, part of the division of the marital property. *In re Fitzgerald*, 9 F.3d 517, 521 (6th Cir. 1993); *In re Hill*, 133 B.R. 126, 133 (Bankr. N.D. Ind. 1989). If the challenged obligation is deemed to be part of the division of the marital estate, it is dischargeable. If, however, the obligation is deemed to be for support, it is nondischargeable.

The parties' 1990 divorce decree and marital dissolution agreement plainly show that the parties made an ingenuous division of their marital property and debts. They divided all their personal property before the decree's entry and allocated their only realty and the associated mortgage debt to Ms. Parnham. They released each other from claims on the other's property, and they agreed to be solely responsible for any debt incurred in their individual names. Nothing in the decree about future support of the parties' two children bears any reference or relationship to how Mr. and Ms. Parnham divided their property. Therefore, we can conclude easily that the bi-weekly child support payments ordered in the decree were just that – a decree for support – and not a marital property settlement disguised as support.

Beyond arguing that his obligation to his son was not intended to be support, Mr. Parnham's remaining argument is purely one of law. He points out that parents in Tennessee generally have no legal duty to support an able-bodied child who has attained majority and that a trial court's authority to order child support ends once the child turns eighteen. Tenn. Code Ann. § 1-3-113(a) (Supp. 2000); *Blackburn v. Blackburn*, 526 S.W.2d 463, 466 (Tenn. 1975). Therefore, he maintains that any

obligation on his part to support his son past majority is merely a contractual undertaking, that this provision did not merge into the divorce decree so as to lose its contractual nature, and, therefore, that this debt is fully dischargeable in bankruptcy like any other contract debt.

Mr. Parnham's argument is hardly novel. Debtor spouses have tried it again and again in the courts, and the courts have ruled on it until the exact legal point is well-settled. What constitutes support for non-dischargeability purposes is determined under federal bankruptcy law, not state law. *In re Strickland*, 90 F.3d 444, 446 (11th Cir. 1996). As a matter of federal bankruptcy law, where parties intend the provisions in their marital dissolution agreements to function as support, "the nature of [the] debtor's promise to pay educational expenses and child support is not determined by the legal age of majority under state law." *In re Harrell*, 754 F.2d 902, 905 (11th Cir. 1985). The absence of a duty to support children post-majority does not alone make a support obligation dischargeable in bankruptcy. *Richardson v. Edwards*, 127 F.3d 97, 100-01 (D.C. Cir. 1997); *In re Harrell*, 754 F.2d at 905; *Boyle v. Donovan*, 724 F.2d 681, 683 (8th Cir. 1984).

As long as the parties intended that the non-custodial spouse would support the child or contribute toward defraying expenses while the child attends college, the obligation is one for support and is non-dischargeable under 11 U.S.C.A. § 523(a)(5). *Richardson v. Edwards*, 127 F.3d at 100-01; *Sylvester v. Sylvester*, 865 F.2d 1164, 1165-66 (10th Cir. 1989); *In re Harrell*, 754 F.2d at 905; *Boyle v. Donovan*, 724 F.2d at 683; *In re Grijalva*, 72 B.R. 334, 338 (S.D.W. Va. 1987); *In re Galpin*, 66 B.R. 127, 131 (N.D. Ga. 1985) (rejecting the argument that because a debtor's general duty under Tennessee law to support a child ended when the child reached majority, then the debtor's court-ordered obligation to pay post-majority child support while the child was in college was dischargeable); *In re Prager*, 181 B.R. 917, 920-22 (Bankr. W.D. Tenn. 1995); *In re Ozey*, 166 B.R. 169, 171-72 (Bankr. N.D. Okla. 1994); *In re Warren*, 160 B.R. 395, 399-400 (Bankr. D. Me. 1993); *In re Portaro*, 108 B.R. 142, 147 (Bankr. N.D. Ohio 1989); *In re Pierce*, 95 B.R. 154, 158-60 (Bankr. N.D. Cal. 1988).[6] Having concluded from examining the divorce decree that Mr. Parnham's obligation to his younger child was intended as support, we conclude that it was excepted under 11 U.S.C.A. § 523(a)(5) from his Chapter 7 discharge. Bankruptcy notwithstanding, Mr. Parnham's support obligation continues.

---

[6]Mr. Parnham relies on an unpublished order of the United States Court of Appeals for the Sixth Circuit to support his argument that his obligation to pay his younger child's educational expenses is dischargeable. *In re Sholes*, No. 92-5610, 1993 WL 15123 (6th Cir. Jan. 25, 1993). We note first that the "support agreement" in that case does not appear to have been part of a separation agreement, divorce decree, or other court order. Secondly, we note that the United States Court of Appeals for the Sixth Circuit disfavors the citation of its unpublished disposition of cases. 6th Cir. R. 28(g). Thirdly, we note that one United States District Court in Tennessee has declined to follow *In re Sholes*, *In re Prager*, 181 B.R. at 921-22, and that other United States District Courts have expressly held that a non-custodial parent's obligation to pay a monthly amount until the child finishes a four-year college education is nondischargeable as support. *In re Bedingfield*, 42 B.R. 641, 647 (S.D. Ga. 1983).

## II.
### MS. PARNHAM'S ENTITLEMENT TO ATTORNEY'S FEES AND EXPENSES

The first of Ms. Parnham's two issues involves the trial court's denial of her request for attorney's fees. The parties' marital dissolution agreement expressly provides that if Ms. Parnham must seek legal enforcement of the decree's child support provisions, then Mr. Parnham must pay her attorney's fees, the court costs, and related expenses. That provision merged into the final divorce decree. *Hays v. Hays*, 709 S.W.2d 625, 627 (Tenn. Ct. App. 1986); *Gaines v. Gaines*, 599 S.W.2d 561, 565 (Tenn. Ct. App. 1980). Provisions of this sort do not violate public policy, *cf.* Tenn. Code Ann. § 36-5-103(c) (Supp. 2000) (allowing a successful petitioning former spouse to recover reasonable attorney's fees in child support enforcement actions), and are enforceable in this case as part of the final judgment between the parties that was not appealed. *Nance v. Pankey*, 880 S.W.2d 944, 946 (Tenn. Ct. App. 1993) (discussing the finality of consent judgments); *McBurney v. Aldrich*, 816 S.W.2d 30, 34 (Tenn. Ct. App. 1991) (stating that judgments are considered final after thirty days from entry).

The trial court did not explain the basis for its decision to deny Ms. Parnham's request for attorney's fees and expenses. The provision for those fees and expenses in the marital dissolution agreement and the divorce decree are clear and unambiguous. Thus, the trial court should have enforced the decree according to its plain terms. *Duvier v. Duvier*, No. 01A01-9311-CH-00506, 1995 WL 422465 at *2-3 (Tenn. Ct. App. July 19, 1995) (No Tenn. R. App. P. 11 filed); *Livingston v. Livingston*, 58 Tenn. App. 271, 281, 429 S.W.2d 452, 456 (1967) (stating that court judgments are to be construed like other written instruments). Under these circumstances, the award of fees and expenses was not merely a discretionary matter for the trial court in this case.

Accordingly, we hold that the trial court erred in not awarding Ms. Parnham the reasonable attorney's fees and expenses she incurred by seeking judicial enforcement of the child support provisions in the marital dissolution agreement and divorce decree. On remand the trial court should take evidence and award Ms. Parnham her reasonable fees for both the trial court proceedings and the proceedings involved in this appeal, using the factors set out in Tenn. S. Ct. R. 8, DR 2-106(b), *Taylor v. T & N Office Equip., Inc.*, No. 01A01-9609-CV-00411, 1997 WL 272444, at *5 (Tenn. Ct. App. May 23, 1997) (No Tenn. R. App. P. 11 filed), and her related litigation expenses and costs.

## III.
### IMPOSITION OF AN INCOME ASSIGNMENT

Ms. Parnham's second issue focuses on the trial court's refusal to impose an income assignment in this case. Tenn. Code Ann. § 36-5-501(a)(1) (Supp. 2000) provides that, "For any order of child support . . . enforced on or after July 1, 1994, the court shall order an immediate assignment of the obligor's income . . . ." The next section, Tenn. Code Ann. § 36-5-501(a)(2) carves out an explicit exception in cases involving the modification of support orders or where the court has reviewed and approved a written agreement by the parties providing for alternative arrangements, or in cases where a Title IV-D agency may agree to permit some other arrangement.

Tenn. Code Ann. § 36-5-501(a)(1) governs this case.  The court's task is to enforce the statute as written, *Jackson v. Jackson*, 186 Tenn. 337, 342, 210 S.W.2d 332, 334 (1948), not to inquire into its reasonableness or to substitute our policy judgments for those of the legislature.  *State v. Grosvenor*, 149 Tenn. 158, 167, 258 S.W. 140, 142 (1924); *Henley v. State*, 98 Tenn. 665, 679-81, 41 S.W. 352, 354-55 (1897).  When the words of a statute are clear, we must carry it out. *See Carson Creek Vacation Resorts, Inc. v. State*, 865 S.W.2d 1, 2 (Tenn. 1993); *In re Conservatorship of Clayton*, 914 S.W.2d 84, 90 (Tenn. Ct. App. 1995).

The trial court declined to order a wage assignment notwithstanding the plain and mandatory language of Tenn. Code Ann. § 36-5-501(a)(1).  The court did not explain its reasoning.  Because this case does not fit within one of the statutory exceptions to Tenn. Code Ann. § 36-5-501(a)(1), we are at a loss to understand the trial court's refusal to follow the statute.  Mr. Parnham had unilaterally stopped paying child support and by the time of the court's March 26, 1998 order, the arrearage was over four thousand dollars.  We agree with Ms. Parnham that the statute's plain wording makes an income assignment applicable to her judgment enforcing Mr. Parnham's delinquent child support obligation.  The trial court should have ordered an assignment, and it erred in not doing so.  Accordingly, on remand, the trial court shall enter an order requiring a wage assignment consistent with Tenn. Code Ann. § 36-5-501(a)(1).

## IV.

We affirm the portion of the judgment concluding that Mr. Parnham's obligation to pay child support for the parties' younger child was not discharged in bankruptcy.  We vacate the portions of the judgment denying Ms. Parnham's request for a wage assignment and for reimbursement for her legal expenses and remand the case to the trial court for further proceedings consistent with this opinion.  We tax the costs of this appeal to Wayne Lee Parnham and his surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE