IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 4, 2020

## ZACHARIOUS COLE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-17-223          Kyle Atkins, Judge**

_____

**No. W2019-00841-CCA-R3-PC**

_____

The Petitioner, Zacharious Cole, appeals from the order of the Madison County Circuit Court denying post-conviction relief from his jury convictions of attempted first-degree murder, especially aggravated robbery, and employing a firearm during the commission of a dangerous felony, for which he received an effective term of twenty-six years' imprisonment. Following an evidentiary hearing, the post-conviction court determined that trial counsel's advice to the Petitioner to enter a post-sentencing waiver of his right to direct appeal was deficient but not prejudicial. On appeal, the Petitioner argues that the post-conviction court erred in denying relief.[1] Because the record shows that the Petitioner was denied the right to pursue a direct appeal based on ineffective assistance of counsel, this matter is remanded to the trial court for entry of an order allowing the filing of a motion for new trial. See T.C.A. § 40-30-113(a)(3). Accordingly, the judgment of the post-conviction court is reversed, and this matter is remanded for proceedings consistent with this opinion.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

William J. Milam, Jackson, Tennessee, for the Petitioner, Zacharious Cole.

_____

[1] The Petitioner raises several other grounds of ineffective assistance of counsel for the first time in this appeal including counsel's failure to meet with him sufficiently pre-trial and an alleged conflict of interest. Ordinarily, these issues would be waived; however, given our holding, we decline to address any of these issues on the merits.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Jody Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On October 4, 2016, the Petitioner was convicted by a jury of attempted first-degree murder, especially aggravated robbery, and employing a firearm during the commission of a dangerous felony. On November 15, 2016, he was sentenced to twenty-six years' imprisonment.[2] On November 22, 2016, the Petitioner signed a "Waiver of Right to Appeal Sentence" in which he acknowledged that he "voluntarily and knowingly and without coercion has decided to waive his right to appeal the sentence of [the trial court]." No direct appeal was taken. Almost eight months later, on August 23, 2017, the Petitioner filed a pro se petition for post-conviction relief, alleging that he received ineffective assistance of counsel because "trial counsel came to the county jail and had [the Petitioner] sign a waiver of his appellate rights which the Petitioner did not fully understand or comprehend[, and that] [t]rial counsel told the Petitioner that if he appealed he would receive a greater sentence." On the same day, the State filed a response and a motion to dismiss the petition for post-conviction relief. On April 15, 2019, the post-conviction court held a hearing on the Petitioner's petition for post-conviction relief.

The Petitioner testified that he was not satisfied with trial counsel's representation, that he only met with trial counsel twice prior to his trial, and that these meetings were "very brief." He also stated that trial counsel did not go over any materials with him prior to trial. The Petitioner asked for trial counsel to be removed prior to trial, but his request was denied. His jury trial lasted one day, and he testified on his own behalf. The Petitioner did not appeal his sentence, explaining that "[trial counsel] told me that had I appealed my case, I would have been given more time added to my sentence. And [trial counsel] asked me is that what I wanted to do and of course I said no." The Petitioner acknowledged that he signed a waiver of the right to appeal his sentence, which was entered into evidence. In hindsight, the Petitioner would have pursued an appeal.

On cross-examination, the Petitioner could not remember the trial court telling him that he had a right to appeal his sentence. The Petitioner said that trial counsel did not tell him that he had a right to appeal when she visited him in jail. He said that, at the time, he did not know what a waiver of a right to appeal his sentence was, and he did not read the waiver but only signed it following trial counsel's explanation that he would receive more time if he filed an appeal. The Petitioner stated multiple times that he

---

[2] The judgments are not included in the record on appeal. We glean this information from the State's response to the petition.

understood that he was giving up his right to appeal by signing the waiver. He said that no one forced him to sign the waiver. On redirect examination, the Petitioner stated that he was nineteen years old at the time of his trial, and he had never gone through a jury trial before. He stated that he only signed the waiver because of what trial counsel told him.

Trial counsel did not testify at the post-conviction hearing. Instead, John Hamilton, a representative from the Public Defender's Office for the 26th Judicial District, testified that he reviewed the Petitioner's file prior to the hearing. He stated that the notations on the Petitioner's file indicated that trial counsel had met with the Petitioner several times prior to trial. He also reviewed the Petitioner's signed waiver. He said he had "no idea" why trial counsel would encourage the Petitioner to waive his right to appeal. He "guessed" that the Petitioner could receive more time after appeal, if his sentences were ordered to be served consecutively. However, when asked if there would be a benefit to waiving the right to appeal, he stated, "I don't know that there is, you know. It's a pretty long sentence." On cross-examination, he confirmed that the Petitioner admitted to shooting the victim during an interview. He stated that he did "not really" see any prejudice stemming from trial counsel's representation. On redirect examination, he said that he would "generally agree" that a longshot was worth taking on appeal.

In denying relief, the post-conviction court stated, "I tend to agree with [] Hamilton in that I don't understand what the benefit of waiving the appeal would be. So I'm not certain that he has [not] shown by clear and convincing evidence that . . . that performance was deficient." Nevertheless, in its written order, the post-conviction court dismissed the petition and reasoned as follows:

> After hearing the testimony[,] the Court cannot understand why a waiver of appeal would be in the best interest of the [Petitioner] but the facts of the case were such that the victim testified and the [Petitioner] admitted to shooting the victim and to taking his car. There is no showing of any prejudice even if waiving the appeal arose to the level of ineffectiveness[,] there was no evidence of prejudice which must also be proven by clear and convincing evidence. There is certainly not [a] showing of prejudice. This issue is overruled.

On May 14, 2019, the Petitioner filed a timely notice of appeal, and this case is now properly before this Court for our review.

## ANALYSIS

On appeal, the Petitioner argues that the post-conviction court erred in denying his petition for post-conviction relief. He asserts that trial counsel's representation was deficient and that he was prejudiced by this deficiency because he "deserved the opportunity" to appeal his case. In response, the State contends that the post-conviction court properly denied relief because the Petitioner failed to establish that he suffered any prejudice from trial counsel's representation and that prejudice cannot be presumed in this case.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. T. C. A. § 40-30-103. The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. The right to counsel includes "'the right to the effective assistance of counsel.'" Garza v. Idaho, 139 S. Ct. 738, 743-44 (2019) (citing Strickland v. Washington, 104 S. Ct. 2052 (1984) (quoting McMann v. Richardson, 90 S. Ct. 1441 (1970))). Under Strickland, a defendant who claims ineffective assistance of counsel must prove (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that any such deficiency was prejudicial to the defense. Id. (internal citations and quotations omitted).

"In Tennessee, a criminal defendant has the right to one level of appellate review." Serrano v. State, 133 S.W.3d 599, 604 (Tenn. 2004) (citing Tenn. R. App. P. 3(b) (2003); Collins v. State, 670 S.W.2d 219, 221 (Tenn. 1984)). "Because a defendant has a statutory right to appeal, an attorney has an obligation to consult with the defendant about an appeal following a conviction." Arroyo v. State, 434 S.W.3d 555, 559 (Tenn. 2014). However, the law does not require a defendant to appeal a criminal conviction; accordingly, a defendant may waive his right to appeal if he so desires. Serrano, 133 S.W.3d at 604. Rule 37(d) of the Tennessee Rules of Criminal Procedure provides that when a defendant chooses to waive the right to a direct appeal, counsel for the defendant shall file a written waiver of appeal, signed by the defendant, which clearly reflects that the defendant was aware he had the right to appeal and was voluntarily waiving it. Id.; see also Carter v. State, 102 S.W.3d 113, 119 (Tenn. Crim. App. 2002); James Carroll v. State, No. M2017-01075-CCA-R3-PC, 2018 WL 5793571, at *7-8 (Tenn. Crim. App. Nov. 5, 2018). "Any purported waiver of the right to appeal is to be carefully scrutinized." Id. (citing Collins, 670 S.W.2d at 221; see also United States v. Cunningham, 292 F.3d 115, 117 (2d Cir. 2002)).

In addition, "[w]hen the accused has been denied the right to appeal, he is not required to 'show some likelihood of success on appeal' or specify the issues which would have been raised if an appeal had been taken timely before relief will be granted."

Bowling v. State, No. 1091, 1987 WL 5961, at \*3 (Tenn. Crim. App. Feb. 3, 1987) (internal citations omitted); see also Commonwealth v. Alvarez, 69 Mass. App. Ct. 438, 443, 868 N.E.2d 929 (2007) (defendant who loses right to direct appeal due to ineffectiveness not "required to establish any colorable appellate issue as a prerequisite to recovering his lost appellate rights")). Rather, when a defendant establishes that he has been denied the right to pursue a direct appeal based on the ineffective assistance of trial counsel, our law provides him the opportunity to raise all claims that could have been raised in a direct appeal had it been properly filed. See T.C.A. § 40-30-113(a)(3). If the motion for new trial is denied, then the defendant is entitled to a delayed appeal. Id.

The crux of the Petitioner's claim is that he was denied his right to pursue a direct appeal based on ineffective assistance of counsel; specifically, trial counsel's erroneous advice that his sentence would be increased if he did so. Significantly, the express language of the appellate waiver limited only the Petitioner's right to appeal his *sentence*. It does not preclude a direct appeal of any other aspect of the Petitioner's case. The Petitioner signed the waiver a week after he was sentenced to twenty-six years' imprisonment. At the time, the Petitioner was nineteen years old and had no prior experience with the criminal justice system. He signed the waiver without reading it "on the word" of trial counsel. There was no motion for new trial filed, and no indication that the trial court reviewed the Petitioner's waiver of appeal with him. See Tenn. R. Crim. P. 37, Adv. Comm'n Comments ("The Rule requires that the defendant must be advised of pertinent appellate rights. In all cases if an appeal is to be waived, this must be put on record."). The record also does not show when or under what circumstances trial counsel was permitted to withdraw from the Petitioner's case. Although a public defender opined that the twenty-six-year sentence in this case could conceivably get worse after an appeal, he could not provide a legitimate reason why trial counsel advised the Petitioner to enter an appellate waiver. The post-conviction court agreed and expressed concern as to what benefit, if any, there was for the Petitioner to enter an appellate waiver after he had been convicted and sentenced.

Upon our review, the record does not preponderate against the determination of the post-conviction court in finding that trial counsel was deficient in advising the Petitioner to waive his direct appeal. See e.g. State ex rel. Green v. Henderson, 220 Tenn. 551, 554, 421 S.W.2d 86, 87 (1967) (noting that "counsel for an indigent defendant who desires to appeal is without authority to make a judgment on the merits of the appeal to the point where his judgment controls whether there will, in fact, be an appeal"). Because the Petitioner's appellate waiver did not comply with Rule 37(d), we are unable to conclude that it was knowingly and voluntarily entered. Accordingly, the appellate waiver is not enforceable and has no effect.

In denying relief, the post-conviction court applied the traditional <u>Strickland</u> framework, which required the Petitioner to demonstrate prejudice by clear and convincing evidence.  This is understandable because <u>Garza</u> was released on February 27, 2019, and the post-conviction hearing was held on April 15, 2019.  The post-conviction court recalled the Petitioner's trial, noted his confession, and determined that a direct appeal would not have changed the outcome of his case.  However, in <u>Garza</u>, the United States Supreme Court held that in certain Sixth Amendment contexts prejudice is presumed "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken."  139 S. Ct. at 744 (citing <u>Roe v. Flores-Ortega,</u> 528 U.S. 470 (2000)).  This presumption applies even when the defendant has signed an appeal waiver.  <u>Id.</u>  The majority in <u>Garza</u> began by recognizing that "no appeal waiver serves as an absolute bar to all appellate claims[,]" and that the term "appeal waiver" can "misleadingly suggest a monolithic end to all appellate rights."  <u>Id.</u>  Claims that may be outside the scope of an appellate waiver include challenges to the defendant's sentence or conviction, claims based on prosecutorial misconduct, or arguments based on changes in law.  As relevant here, challenges to the knowing and voluntary nature of a guilty plea and the validity of the appellate waiver itself are "almost universally viewed as unwaivable[.]"

An appeal waiver does not complicate the application of the presumption of prejudice rule because under the traditional <u>Strickland</u> framework, the Court "normally applies a strong presumption of reliability to judicial proceedings and require[s] the defendant to overcome that presumption by showing how specific errors of counsel undermined the reliability of the finding of guilt."  <u>Garza</u>, 139 S. Ct. at 747 (citing <u>Roe v. Flores-Ortega,</u> 528 U.S. at 482 (internal citations omitted)).  However, the denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, demands a presumption of prejudice.  <u>Id.</u>  "Put simply, we cannot accord any presumption of reliability to judicial proceedings that never took place."  <u>Id.</u> (internal citations and quotations omitted).  So long as a defendant can show that "counsel's constitutionally deficient performance deprived him of an appeal that he otherwise would have taken, courts are to presume prejudice with no further showing from the defendant of the merits of his underlying claims."  <u>Id.</u>

Because the Petitioner testified that he would have pursued a direct appeal but for the deficient advice of trial counsel, we must presume prejudice.  Accordingly, we reverse the judgment of the post-conviction court denying relief, and we remand this case for entry of an order allowing the Petitioner to file a motion for new trial pursuant to Tennessee Code Annotated section 40-30-113(a)(3).

## <u>CONCLUSION</u>

Following our review, we conclude that trial counsel was ineffective in advising the Petitioner to waive his right to appeal.  Based on her erroneous advice, the appellate waiver was unknowingly and involuntarily entered, and the Petitioner was deprived of his right to pursue a direct appeal.  Accordingly, the judgment of the post-conviction court is reversed, and we remand the Petitioner's case for proceedings consistent with this opinion.

_____
CAMILLE R. MCMULLEN, JUDGE