Sean RAINER, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

March 27, 1997.

Permission to Appeal Denied by Supreme Court Sept. 15, 1997.

A.C. Wharton, Public Defender, Walker Gwinn, Asst. Public Defender, Memphis (On Appeal), Diane Thackery, Asst. Public Defender, Memphis (At Hearing), for Appellant.

Charles W. Burson, Attorney General and Reporter, Deborah A. Tullis, Asst. Attorney General, Nashville (On Appeal), John W. Pierotti, District Attorney General, Reginald Henderson, Asst. District Attorney, Memphis, for Appellee.

### OPINION

PEAY, Judge.

The petitioner was convicted by a jury of second-degree murder and attempted first-degree murder, from which no appeal was perfected. He has filed this petition for post-conviction relief alleging that he re-

ceived ineffective assistance of counsel because his lawyer failed to file an appeal on his behalf. After a hearing, the court below denied relief. After reviewing the record, we affirm the judgment below.

The petitioner was sentenced on November 10, 1994. His motion for new trial was heard and overruled on December 2, 1994. It is undisputed that, on or about December 17, 1994, the petitioner told his lawyer, in person, that he did not want to appeal his conviction. The petitioner testified at the hearing that two or three days later he called his mother, who in turn conferenced in the petitioner's lawyer on a three-way call, and he then informed his lawyer that he did want to appeal his case. The petitioner's mother also testified to the same effect, although she was uncertain as to whether the three-way call occurred before or after Christmas.

The petitioner's lawyer testified that, after the December 17 visit with his client, he had no further contact with the petitioner about an appeal until May 1995. On May 12, 1995, he testified, the petitioner's mother called him and told him that her son wanted to appeal his conviction. He specifically stated, "Nobody indicated that they wanted to appeal at a time when the appeal would ha[ve] been timely as far as my records and as far as my recollection is." He admitted that he had not had the petitioner sign a waiver with respect to his right to appeal. The court below, in looking at the file "jacket," stated on the record that it contained the notation that, on January 3, 1995, "Attorney Ball called, said defendant wasn't going to appeal case."

The court below weighed the differing testimony and concluded that, "based on the proof here ... [the petitioner] did waive his right to appeal and now comes later and decides to change his mind, but it is way, way to[o] late for that. And the Court will deny the delayed appeal."

We first note that "Counsel for all defendants ... who have a right to appeal from a judgment of conviction, shall either timely file such notice of appeal or file with the clerk during the time within which the notice of appeal could have been filed, a written waiver of appeal signed by the defen-

dant." Tenn.R.Crim P. 37(d). Failure to conform to this rule does not, however, violate a constitutional right. *Allen Wilson v. State,* No. 03C01–9307–CR–00204, Knox County (Tenn.Crim.App. filed Nov. 9, 1994, at Knoxville). Accordingly, the petitioner's lawyer's failure to file a written waiver of appeal does not, in and of itself, present a ground for relief which is cognizable in this post-conviction proceeding. *Id.*

Had the petitioner's lawyer failed to properly perfect an appeal after having been instructed to do so, the petitioner would be entitled to relief on the grounds of ineffective assistance of counsel. *See, e.g., Ricky Allen Bowling v. State,* No. 1091, Knox County (Tenn.Crim.App. filed Feb. 3, 1987, at Knoxville); *State ex rel. Green v. Henderson,* 220 Tenn. 551, 421 S.W.2d 86, 87 (1967). However, the court below made a specific factual finding, after having conducted an evidentiary hearing, that trial counsel had been told that his client did not desire an appeal, and that no contradictory instructions were received until long after the date for filing an appeal had passed. This factual finding is conclusive on appeal unless the evidence preponderates against the judgment. *State v. Buford,* 666 S.W.2d 473, 475 (Tenn.Crim.App. 1983). Here, the evidence does not do so. Accordingly, we affirm the judgment below.

JONES and RILEY, JJ., concur.