IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 12, 2001

## JASON MICHON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-B-1159     Cheryl A. Blackburn, Judge**

---

**No. M2001-00343-CCA-R3-PC - Filed January 4, 2002**

---

Petitioner appeals the summary dismissal of his petition for post-conviction relief after the trial court found it was barred by the statute of limitations. We conclude that due process considerations may have tolled the running of the statute of limitations if trial counsel misled petitioner concerning his intention to pursue an appeal. We, therefore, reverse and remand for an evidentiary hearing on the issue of tolling.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Jason Michon, Clifton, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### PROCEDURAL HISTORY

Petitioner was convicted by a jury of aggravated robbery in February 1999. He was sentenced to a term of eleven years in May 1999. A timely filed motion for new trial was denied in July 1999. Apparently, trial counsel did not file a notice of appeal.

Petitioner filed a petition for post-conviction relief on December 21, 2000. The petition alleged, *inter alia*, that he was deprived of effective assistance of counsel prior to and during trial.

Petitioner also asserted he was deprived of effective assistance of counsel due to counsel's failure to pursue appellate relief, although petitioner was led to believe counsel was pursuing an appeal.

The trial court summarily dismissed the petition, concluding it was barred by the statute of limitations. The trial court further concluded petitioner made no allegations which would toll the statute of limitations. This appeal followed.

## DUE PROCESS TOLLING OF STATUTE OF LIMITATIONS

A petition for post-conviction relief must be filed within one year of the date the judgment became final if no appeal was taken. Tenn. Code Ann. § 40-30-202(a). Here, the judgment became final in August 1999, thirty days after the sentencing judgment was entered. The December 2000 filing of the petition was well beyond one year. Thus, the petition was untimely unless the statute of limitations was tolled.

This case is controlled by Williams v. State, 44 S.W.3d 464 (Tenn. 2001), which, in fairness to the trial court, was filed subsequent to the order of dismissal. The record in Williams indicated the petitioner might have been denied the opportunity to timely challenge his conviction through no fault of his own, but because of possible misrepresentations of counsel. *Id*. at 468. The court noted that if one erroneously believes that counsel is continuing to represent him in seeking appellate relief, he is essentially precluded from pursuing certain remedies independently. *Id*. at 469 (citations omitted). The court concluded that if counsel, in fact, misled the petitioner into believing representation was continuing, then due process required tolling of the statute of limitations. *Id*. at 471. The court remanded for an evidentiary hearing relating to the tolling issue. *Id*.

Petitioner in the case *sub judice* alleged he was led to believe that counsel was pursuing an appeal of his conviction, and he did not learn otherwise until after the one year had run. Based upon the allegations of petitioner, we conclude that he is entitled to a hearing on the issue of tolling. Just as the court did in Williams, we remand for an evidentiary hearing to determine whether the petitioner was, in fact, misled into believing that his counsel would seek appellate review. *See id* at 471. Specifically, the trial court shall determine (1) whether due process tolled the statute of limitations so as to give the petitioner a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether petitioner's filing of his petition on December 21, 2000, was within the reasonable opportunity afforded by the due process tolling. *Id*. Counsel should be appointed to represent petitioner.[1]

---

[1] We note that Tenn. R. Crim. P. 37(d) provides that counsel for any defendant who has a right to appeal shall either timely file notice of appeal or a written waiver of appeal signed by the defendant. The trial court noted that no appeal was filed from the original conviction, but the record is silent as to whether a waiver of appeal was filed. Nevertheless, we assume it was not as the state does not contend otherwise. Regardless, the failure to file a written waiver does not, in and of itself, render the judgment invalid. *See* Ranier v. State, 958 S.W.2d 356, 357 (Tenn. Crim.

(continued...)

# CONCLUSION

Accordingly, we reverse the judgment of the trial court and remand for an evidentiary hearing.

_____
JOE G. RILEY, JUDGE

[1](...continued)
App. 1997); Dale M. Jenkins v. State, CCA No. 01C01-9405-CR-00156, 1995 WL 218500, at *3 (Tenn. Crim. App. Apr. 13, 1995, at Nashville).