# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 14, 2004 at Knoxville

## KEVIN TROY GREER v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Davidson County
### No. 2001-D-2196     Steve Dozier, Judge

### No. M2003-03057-CCA-R3-PC - Filed February 23, 2005

The petitioner, Kevin Troy Greer, appeals the dismissal by the Davidson County Criminal Court of his petition for post-conviction relief and request for a delayed appeal.  After review of the record, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Dwight E. Scott, Nashville, Tennessee, for the Appellant, Kevin Troy Greer.

Paul G. Summers, Attorney General & Reporter; Preston Shipp, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Ryan Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The petitioner stands convicted of one count of Class C aggravated assault and one count of Class D aggravated assault, *see* Tenn. Code Ann. § 39-13-102(a)(1), (a)(2), (d)(1) (2003), and is presently serving an effective incarcerative sentence of 10 years.  A Davidson County jury found the petitioner guilty of those offenses based on evidence that on August 22, 2001, the petitioner walked into the Nashville Rescue Mission brandishing a knife, strode up to the chaplain, and asked, "What about if I stick this in your heart?"  After the chaplain and the security supervisor escorted the petitioner outside, the petitioner made threatening, stabbing gestures with his knife, and a mission resident who saw what was happening tried to subdue the petitioner.  During the resulting altercation, the petitioner stabbed both the mission resident and the chaplain.  The petitioner, a Range II multiple offender, did not testify at trial.

The petitioner's defense counsel filed a timely motion for new trial, alleging prosecutorial misconduct and the court's failure to charge the jury on assault as a lesser included

offense. It is undisputed that the petitioner instructed his counsel to abandon the motion. At the scheduled hearing date for the new trial motion, counsel conveyed to the court that the petitioner "doesn't wanna proceed any further on his case." The trial court then personally addressed the petitioner as follows:

> THE COURT: All right. Mr. Greer, Ms. Foreman's stated here, and you've heard her, that you were not wanting to be heard on any motion for new trial, which would then also – your case would not be proceeding any further, in terms of any higher appeal.
>
> So, this sentence that's been imposed for you to serve would be served and there would not be any further court action.
>
> Is that your wishes?
>
> THE DEFENDANT: Yes, sir, Your Honor.
>
> THE COURT: All right. And you understand that there won't be any appeal at any higher court, won't be any ruling on any motion for new trial?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. All right. That's what we'll do, strike your motion for new trial; and that judgment will become final.

The appeal presently before this court arises from what the state argued to the post-conviction court was "buyer's regret"; that is, the petitioner's "hardheaded decision" not to pursue the previously filed new trial motion and not to appeal his conviction. Whatever characterization might be apropos, the record before us reflects that less than six months after withdrawing his motion for new trial, the petitioner filed a *pro se* petition for post-conviction relief alleging primarily ineffective assistance of counsel and claiming that he did not appeal his underlying conviction because he "felt that counselor had abandoned [his] defense[,] and [he] was worried about the outcome of the appeal, at that time."

The post-conviction court appointed counsel to represent the petitioner; post-conviction counsel filed a petition for a delayed appeal, claiming that trial counsel was ineffective for not pursing the petitioner's appellate rights, and an amendment to the original *pro se* petition asserting counsel's ineffectiveness in failing to allow the petitioner to testify in his own defense. At the post-conviction evidentiary hearing, the petitioner's counsel withdrew the amendment.

Only two witnesses testified at the post-conviction hearing: the petitioner and his former counsel. Former counsel testified that she filed a motion for new trial. She affirmed that she

forwarded a written copy of the motion to the petitioner and spoke in person to him about the motion. Even so, the petitioner insisted that the motion be "stricken." Counsel said that she also explained to the petitioner the resulting adverse consequences and his appellate rights; nevertheless, the petitioner informed counsel that he did not wish to "proceed anymore."

The petitioner testified and admitted waiving his right to take an appeal. His explanation was rambling and largely disjointed, such as counsel had "refused to order some witnesses," would not "even talk to [him] about this issue," was "trying to move too fast," and had "abandoned [him], during the times of [his] trial." At one point, he said, "[O]n the strength that I felt that she had abandoned me, why would I wanna go back up with her?"

On cross-examination, the petitioner agreed that he had "been through the system" many times and had numerous attorneys appointed to represent him. The state concluded by asking the petitioner, "Only now, after you've made your decision and are regretting it, that's the first time that you've ever raised this issue, isn't it?" He responded, "I – I don't regret the decision. It's just that I'm – I'm trying to get something done. I don't regret the decision."

The post-conviction court issued a written order denying a delayed appeal and any other post-conviction relief. The court credited trial counsel's testimony and found no deficient performance or prejudice entitling the petitioner to relief. On appeal, the petitioner claims a general entitlement to delayed appeal under the circumstances and argues that procedurally the post-conviction court should have dismissed his ineffective assistance of counsel claims without prejudice to preserve his right to seek post-conviction relief at a later time. We disagree.

The law is settled that the post-conviction petitioner bears the burden of establishing, at the evidentiary hearing, his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992). An appellate court is bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

The Post-Conviction Procedure Act provides for a delayed appeal when a petitioner has been "denied the right to an appeal from the original conviction." Tenn. Code Ann. § 40-30-113(a) (2003). Specifically, the Act recites,

> (a) When the trial judge conducting a hearing pursuant to this part finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for such review, the judge can:

(1) If a transcript was filed, grant a delayed appeal;

(2) If, in the original proceedings, a motion for a new trial was filed and overruled but no transcript was filed, authorize the filing of the transcript in the convicting court; or

(3) If no motion for a new trial was filed in the original proceeding, authorize such motion to be made before the original trial court within thirty (30) days. Such motion shall be disposed of by the original trial court as if the motion had been filed under authority of Rule 59 of the Rules of Civil Procedure.

*Id*. § 40-30-113(a)(1), (2), (3) (2003).

According to our supreme court, Code section 40-30-113 indicates "that a defendant may receive a delayed appeal where there has been a denial of the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution." *Wallace v. State*, 121 S.W.3d 652, 656 (Tenn. 2003). That inquiry turns on a familiar two-prong test: (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel's services fall below the range of competence demanded of attorneys in criminal cases. *Wallace*, 121 S.W.3d at 657. Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994); *but see Wallace*, 121 S.W.3d at 660 (presuming prejudice when counsel's deficiencies post-trial amount to a complete failure to subject the state's case to appellate scrutiny). On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

Measured by these standards, it is readily apparent that the petitioner failed to carry his burden, and the evidence in the record certainly does not preponderate against the post-conviction court's findings. In this case, petitioner's counsel filed a timely motion for new trial; the motion was stricken only at the insistence of the petitioner, who first was questioned by the trial court. Counsel did not abandon the petitioner by ceasing to represent him after trial or, as in *Wallace*, create a "Catch-22 predicament" such that the petitioner was unable to avail himself of self-help appellate remedies. The petitioner has utterly failed to demonstrate deficient representation. *See Jonathan D. Tears v. State*, No. M2003-02291-CCA-R3-PC, slip op. at 6 (Tenn. Crim. App., Nashville, Nov. 10, 2004) (failure to file written waiver of appeal, as provided in Criminal Procedure Rule 37(d), does not violate a constitutional right supporting post-conviction relief, provided the record shows that the defendant knew of his right to appeal and intended to waive that right); *Rainer v. State*, 958 S.W.2d 356, 357 (Tenn. Crim. App. 1997).

-4-

As for the argument that procedurally the court should have dismissed his post-conviction petition without prejudice pending completion of a delayed appeal, the petitioner was not entitled to a delayed appeal. Only when a delayed appeal is "warranted" should the court dismiss the collateral attack on the conviction without prejudice to preserve the defendant's right to seek post-conviction relief at a later date. *See Gibson v. State*, 7 S.W.3d 47, 49-50 (Tenn. Crim. App. 1998). The post-conviction court did not procedurally err in its treatment of the petitioner's action.

Consequently, for the foregoing reasons, we affirm the post-conviction court's denial of a delayed appeal and denial of post-conviction relief.

_____
JAMES CURWOOD WITT, JR., JUDGE