IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2011

## RICHARD T. HANKE, SR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-09-110    Don Allen, Judge**

_____

**No. W2009-02659-CCA-R3-PC  - Filed June 22, 2011**

_____

The petitioner, Richard T. Hanke, Sr., appeals the denial of post-conviction relief by the Circuit Court of Madison County.  He pled guilty to simple robbery, aggravated burglary, aggravated assault, possession of a weapon with intent to employ during the commission of a felony, retaliation for past action, and two counts of kidnapping. He received an effective sentence of fourteen years.[1]  In this appeal, he claims he received ineffective assistance of counsel and requests a delayed appeal in which to challenge his sentence.  Upon review, we reverse the judgment of the post-conviction court and grant a delayed appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

George Morton Googe, District Public Defender; Gregory D. Gookin, Assistant Public Defender, Jackson, Tennessee for the Defendant-Appellant, Richard Hanke, Sr.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Brian Gilliam, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

Based on the stipulated facts at the guilty plea hearing, the petitioner and his son were involved in a home invasion burglary in Madison County, Tennessee.  There were three

_____

[1]The record on appeal is extremely limited.  It does not include the indictments, the judgment forms, or the transcript from the sentencing hearing.  We derive most of our information from the petition for post-conviction relief and the testimony at the hearing.

victims at the residence during the burglary, one of whom was able to escape and notify the police. The petitioner, armed with a baseball bat, and his son, armed with a shotgun, demanded money and drugs from the victims. One of the victims was struck in the back of his head and on his neck with the baseball bat. The petitioner and his son gathered items from the residence, and tied up the victims with black zip ties. The petitioner and his son were apprehended as they were leaving the residence. They later provided law enforcement with statements admitting their involvement in the offenses.

The guilty plea hearing was held on September 8, 2008. The day before the hearing, the petitioner signed a request for acceptance of his plea agreement. It states that the petitioner agreed to plead guilty to the following offenses: simple robbery, aggravated burglary, aggravated assault, retaliation for past action, possession of a deadly weapon with intent to employ during the commission of a felony, and two counts of kidnapping. The petitioner agreed to enter the plea agreement reducing the offenses charged to lesser included offenses. As part of the agreement, the trial court would determine his sentence.

At the guilty plea hearing, the petitioner, the parties, and the trial court acknowledged that the petitioner was a Range I offender with no prior criminal history. The petitioner stated that he fully understood the terms of his plea agreement. The trial court discussed the constitutional rights waived by pleading guilty, and informed the petitioner that he maintained the right to appeal his sentence. The petitioner stated that he understood these rights. The petitioner testified that he was entering the plea agreement freely and voluntarily. He claimed he was satisfied with the representation by defense counsel. The trial court told the petitioner that his sentence would be determined after a sentencing hearing, explained the sentencing range for each offense, and stated that the maximum sentence for an individual offense would be six years. However, the trial court did not discuss the possibility of consecutive sentencing. At the conclusion of the guilty plea hearing, the trial court accepted the plea agreement.

The record does not include the transcript from the sentencing hearing. The pro se petition for relief states that the petitioner was sentenced as a Range I offender to fourteen years. Apparently, the trial court ordered several of these sentences to run consecutively.

The petitioner was appointed counsel after filing the pro se petition for relief. An amended petition was filed, which alleged that the petitioner received ineffective assistance of counsel. The amended petition raised several issues, including whether the petitioner was "unconstitutionally denied his right to appeal the judicially imposed sentence due to the ineffective assistance of counsel, in failing to comply with [Rule 37(D) of the Tennessee Rules of Criminal Procedure], in violation of petitioner's 14[th] Amendment right to due

process of law and his 6th Amendment right to the effective assistance of counsel under the U.S. Constitution."

**Post-Conviction Hearing**.  The petitioner testified that after he retained defense counsel, they met and reviewed the facts of his case.  The petitioner stated that in September of 2008, he received a plea offer of ten years.  This offer was made roughly five minutes before a court proceeding.  The petitioner said he asked defense counsel whether the plea deal was a good offer, and defense counsel responded, "'We can do better than that.'"  The petitioner rejected the plea deal.  Later, he received the plea offer in the instant case under which the charges were reduced.  The petitioner believed that:

> the most that I would serve on that deal was three to six years.  Six years being the top because anybody in their right mind is not going to turn down a 10 year sentence for 14 years if they know what time it is on a blind plea.

The petitioner testified that he had no idea that the trial court could impose consecutive sentencing.  During the October 14, 2008 sentencing proceeding and in response to receiving his fourteen-year sentence, he asked defense counsel, "'What's going on here?'"  Defense counsel told him to be quiet and stated that they would appeal the sentence.

The petitioner testified that he made several attempts to contact defense counsel about filing an appeal.  He wrote letters as well as had his girlfriend and mother try to contact defense counsel.  After being sentenced, the petitioner did not hear from defense counsel until he received a letter on January 26, 2009.  In the letter, defense counsel informed the petitioner that he took no action in filing an appeal.  The petitioner stated that by the time he received the letter, the deadline to file an appeal had expired.  The petitioner was not aware if defense counsel had filed a motion to withdraw.

On cross-examination, the petitioner said he turned down the initial plea offer because he trusted defense counsel's assessment that he could get a better offer.  He claimed he would have accepted the initial plea offer if not for the advice of defense counsel.  The petitioner testified that he pled guilty on the same date that he received the second plea offer.  The petitioner stated that defense counsel told him that the maximum sentence would be six years.  The petitioner denied receiving an October 24, 2008 letter from defense counsel that explained his options on appeal.  While in jail, he learned that he had thirty days to file an appeal.  The petitioner testified that he and defense counsel never discussed an appeal.  He acknowledged that his sentence was not illegal.

The petitioner's girlfriend, Dawn Petty, testified that defense counsel called her after the petitioner was sentenced.  Defense counsel told her that the petitioner had thirty days to

file an appeal and that he was going to contact the petitioner. He did not mention that an additional retainer fee would be required for an appeal. Petty said she made subsequent attempts to contact defense counsel about the appellate process; however, she never spoke to him again. She eventually learned that the deadline passed for filing an appeal.

On cross-examination, Petty testified that defense counsel asked her whether the petitioner would be interested in filing an appeal. She responded that the petitioner would be interested in pursuing an appeal. Petty said defense counsel told her that he would visit the petitioner at jail to discuss the possibility of an appeal. She acknowledged that defense counsel never stated that he would file an appeal. Petty testified that she spoke to the petitioner one time after she spoke with defense counsel. She told the petitioner that defense counsel wanted to speak with him.

Defense counsel testified that he was retained by the petitioner on February 14, 2008. He said the petitioner admitted his guilt from the outset; therefore, his strategy was to obtain a favorable plea agreement. Defense counsel recalled that the petitioner's primary concern was for his son to receive a lenient sentence. Defense counsel testified that he received an initial plea offer of ten years from the State on or around July 14, 2008. He claimed he discussed this offer with the petitioner at his office. The petitioner chose to reject this offer. Defense counsel stated:

> [The petitioner] flat out said, "I'm not taking it." Flat out. I said, well, you know, we can certainly try to go back and negotiate with the State, but he said ten years was too much time to serve for something like this and that he didn't feel like it was the right sentence and he wasn't going to accept it.

Defense counsel discussed each of the charges, explained the potential range of punishment, but could not recall whether he discussed the possibility of consecutive sentencing. Defense counsel further denied telling the petitioner that he would receive a six-year sentence or telling him to be quiet during the sentencing hearing. Defense counsel testified that after sentencing, he spoke "very briefly" to the petitioner about an appeal. He denied telling anyone that he would file an appeal, and testified that "we would need to talk about that at a later time." Defense counsel explained that he was not retained to file an appeal. He stated that he told the petitioner when he was initially retained that his representation would be limited to trial and sentencing. Defense counsel said he sent a letter to the petitioner on October 24, 2008 informing him of the limitations period. The letter stated in pertinent part:

> Although you entered a guilty plea you still have the option of appealing your sentence if you disagree with the Court. In order for me to

-4-

pursue an appeal I will charge $5,000.00 dollars plus expenses. This amount must be paid prior to filing the appeal.

You have until November 13, 2008 in which to file your appeal. **IF NO RESPONSE IS RECEIVED IT WILL BE ASSUMED THAT YOU DO NOT WISH TO PURSUE THIS MATTER AND NO FURTHER ACTION WILL BE TAKEN.**

Defense counsel acknowledged that he received a letter from the petitioner on the date that the appeal was due. In response, defense counsel sent the petitioner a letter on January 22, 2009, stating that no appeal was filed. On cross-examination, defense counsel conceded that he never had the petitioner sign a waiver of his right to appeal. He also did not move to withdraw as the petitioner's counsel.

By written order, the post-conviction court denied the petitioner relief. The post conviction court found that the petitioner (1) "freely, voluntarily, knowingly and intelligently enter his guilty plea to the charges, and was in fact satisfied with his attorney . . . at the time of the plea"; (2) "acknowledged [that] he had only 30 days to appeal the sentence and further was advised by the Court at the sentencing [hearing] of such option"; (3) "failed to communicate with his attorney in a timely fashion his desire to file an appeal of the sentence"; and (4) failed to demonstrate ineffective assistance of counsel by clear and convincing evidence.

The petitioner filed a timely notice of appeal.

**ANALYSIS**

The petitioner claims the post-conviction court should have granted his petition because he received ineffective assistance of counsel. He argues that defense counsel failed to protect his right to appeal his sentence by not complying with the requirements of Rule 37 of the Tennessee Rules of Criminal Procedure. The petitioner contends that defense counsel was required to obtain a waiver of the petitioner's right to appeal and to withdraw as counsel. He claims he was prejudiced by defense counsel's representation because he may have obtained relief on appeal. In response, the State argues that the petitioner waived this issue because he failed to include a transcript of the sentencing hearing. The State also contends that the petitioner's right to appeal was not compromised by defense counsel. The State asserts that defense counsel and the trial court properly informed the petitioner of his right to appeal.

**Standard of Review**. Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103 (2006). Our supreme court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal quotation and citations omitted). "The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence." Id. (citing T.C.A. § 40-30-110(f); Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006)). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)).

Vaughn further repeated well-settled principles applicable to claims of ineffective assistance of counsel:

> The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to reasonably effective assistance, that is, within the range of competence demanded of attorneys in criminal cases.

202 S.W.3d at 116 (internal quotations and citations omitted).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one

component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697, 104 S. Ct. at 2069).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 370. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068).

As a preliminary matter, we must address the State's claim that this issue is waived because the petitioner failed to provide an adequate record on appeal. The petitioner was responsible for providing a record that conveys a fair, accurate, and complete account of what transpired with regard to his motion. See T.R.A.P. 24(b); State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). The Tennessee Supreme Court has stated, "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue." State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993) (citing State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). We are to presume the trial court's findings are correct if a relevant transcript is not included in the record. See State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Here, the record is nearly devoid of any information regarding sentencing, most notably the transcript of the sentencing hearing. This information should have been included in the record. Nonetheless, we are able to review the petitioner's claim based on the record presented.

In this appeal, the petitioner argues that defense counsel had an affirmative duty after sentencing to file a notice of appeal or obtain a written waiver of appeal from the petitioner under Rule 37(d) of the Tennessee Rules of Criminal Procedure. At the post-conviction hearing, defense counsel conceded that he failed to file a notice of appeal or obtain a written waiver of appeal from the petitioner.

"A constitutional and statutory right exists for one level of appellate review." See Taylor Vinson v. State, No. W2000-01991-CCA-R3-PC, 2001 WL 468653 at *5 (Tenn. Crim. App., at Jackson, May 3, 2001), no perm. app. filed; see also Collins v. State, 670 S.W.2d 219, 221 (Tenn. 1984). Rule 37(d) of the Tennessee Rules of Criminal Procedure provides:

-7-

Pursuing or Waiving an Appeal. Before the judgment on the guilty verdict becomes final, the following shall be done:

(1) Seeking Appeal. If an appeal is sought, the defendant in person or by counsel shall file a timely notice of appeal with the clerk in accordance with Rule 4(a), Tennessee Rules of Appellate Procedure; or

(2) Waiving Appeal. If an indigent or nonindigent defendant who has the right to appeal a conviction chooses to waive the appeal, counsel for the defendant shall file with the clerk, during the time within which the notice of appeal could have been filed, a written waiver of appeal, which must:

(A) clearly reflect that the defendant is aware of the right to appeal and voluntarily waives it; and

(B) be signed by the defendant and the defendant's counsel of record.

Tenn. R. Crim. P. 37(d).

The failure to comply with the requirements of Rule 37(d) does not necessarily result in a violation of a constitutional right. Rainer v. State, 958 S.W.2d 356, 357 (Tenn. Crim. App. 1997) (citing Allen Wilson v. State, No. 03C01-9307-CR-00204, 1994 WL 630515 (Tenn. Crim. App., at Knoxville, Nov. 9, 1994). The record, however, must "clearly and unambiguously" show that the defendant knew of the right to appeal and intended to waive this right. Vinson Taylor v. State, No. W2000-01991-CCA-R3-PC, 2001 WL 468653, at *5 (Tenn. Crim. App., at Jackson, May 3, 2001) (citing Dale M. Jenkins v. State, No. 01C01-9405-CR-00156, 1995 WL 218500, at *3 (Tenn. Crim. App., at Nashville, Apr. 13, 1995)); see also Jonathan D. Tears v. State, No. M2003-02291-CCA-R3-PC, 2004 WL 2544677, at *5-6 (Tenn. Crim. App., at Nashville, Nov. 10, 2004); Maurice Lydell Purdy v. State, No. 02C01-9807-CC-00211, 1999 WL 188177, at *3-4 (Tenn. Crim. App., at Jackson, Apr. 7, 1999); Reginald Hendrix v. State, No. 01C01-9708-CR-00343, 1998 WL 707802, at *2 (Tenn. Crim. App., at Nashville, Oct. 09, 1998); but see Rainer, 958 S.W.2d at 357 (stating that the defendant needed to show that counsel did not comply with his instruction to perfect an appeal) (citing Ricky Allen Bowling v. State, No. 1091, 1987 WL 5961, at *3 (Tenn. Crim. App., at Knoxville, Feb. 3, 1987)).

A petitioner may be granted a delayed appeal "where there has been a denial of effective assistance of counsel in violation of the Sixth Amendment[.]" Wallace v. State, 121 S.W.3d 652, 656 (Tenn. 2003). This court has granted delayed appeals where the defendant was aware of the right to appeal, but did not manifest an intention to waive this right. See

Jonathan D. Tears, 2004 WL 2544677, at *6; Maurice Lydell Purdy, 1999 WL 188177, at *4. In trying to discern the petitioner's intentions, it is important to note that "counsel has an affirmative obligation to ascertain whether the defendant wishes to appeal, even if the appeal would only relate to the sentence." Michael S. Hurt v. State, No. 01C01-9207-CC-00213, 1993 WL 39751, at *3 (Tenn. Crim. App., at Nashville, Feb. 18, 1993).

Although the record shows that the petitioner was aware of his right to an appeal, it fails to establish that he "clearly and unambiguously" intended to waive his appellate rights. Here, the petitioner testified that he made several unsuccessful attempts to contact defense counsel about an appeal. His girlfriend also testified regarding her discussion with defense counsel and the petitioner's intent to seek an appeal. Defense counsel acknowledged that he spoke to the petitioner at the sentencing hearing about the possibility of an appeal. Significantly, it is undisputed that defense counsel intended to discuss an appeal with the petitioner in response to the fourteen-year sentence and failed to do so. Defense counsel also conceded that the petitioner's girlfriend spoke with him regarding the petitioner's intent to pursue an appeal. In response, defense counsel sent a letter to the petitioner outlining the process for an appeal and the requirement of an additional retainer. This letter was not signed by defense counsel and the petitioner testified that he never received it. After sending the letter, defense counsel explained that he did not pursue an appeal because he was not contacted by the petitioner or anyone in his family. Defense counsel further acknowledged that he received a letter from the petitioner dated "a day or two" after the deadline to file the appeal had passed; however, he did not respond to the letter or take any action regarding the petitioner's case. Finally, defense counsel conceded that he did not withdraw as counsel from the petitioner's case during this time as required by Rule 37(e)(1).

Based on the above facts and circumstances, we conclude that defense counsel denied the petitioner his right to an appeal. At the outset, we would be remiss without noting that "trial counsel's obligation to a defendant and the court does not terminate simply because counsel has not been retained for appeal[.]" Taylor v. State, 2001 WL 468653, *5 (Tenn. Crim. App. 2001). We view this case no differently than Jonathan D. Tears and Maurice Lydell Purdy, in which the defendant never expressly stated that he wished to forego his appeal. See Jonathan D. Tears, 2004 WL 2544677, at *6; Maurice Lydell Purdy, 1999 WL 188177, at *4. In reaching this decision, we do not question the credibility of the attorney in this case. We conclude only that the record fails to establish that the Petitioner definitely waived his right to appeal. Accordingly, the evidence preponderates against the finding of the trial court that the Petitioner intended or chose to waive his appeal.

Obviously, we do not consider the potential merits of the petitioner's sentencing claim. See Penson v. Ohio, 488 U.S. 75 (1988) (holding that the denial of the assistance of counsel on appeal is presumptively prejudicial); see also Vinson Taylor, 2001 WL 468653,

at \*5; <u>Reginald Hendrix</u>, 1998 WL 707802, at \*2; <u>Ricky Allen Bowling</u>, 1987 WL 5961, at \*3. We therefore presume that the petitioner was prejudiced and the appropriate remedy is a delayed appeal.

## CONCLUSION

Based on the foregoing, the judgment of the post-conviction court is reversed. This case is remanded to the trial court to enter an order granting the petitioner a delayed appeal.

_____
CAMILLE R. McMULLEN, JUDGE