# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 26, 2013

## GUADALUPE ARROYO v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 84012      Bob R. McGee, Judge**

---

## No. E2012-02703-CCA-R3-PC - Filed July 10, 2013

---

Petitioner, Guadalupe Arroyo, pleaded guilty to two counts of vehicular homicide and received an effective sentence of twenty-four years in the Tennessee Department of Correction. He appealed his sentence twice, and this court remanded his case to the trial court both times. *See State v. Guadalupe Arroyo*, No. E2002-00639-CCA-R3-CD, 2003 WL 1563209, at *1 (Tenn. Crim. App. March 27, 2003); *State v. Guadalupe Arroyo*, No. E2003-02355-CCA-R3-CD, 2004 WL 1924033, at *1 (Tenn. Crim. App. Aug. 30, 2004). After the second remand, the trial court again sentenced petitioner to twenty-four years. Petitioner filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel and that he was unconstitutionally denied the right to appeal the trial court's last sentencing order. The post-conviction court dismissed the petition twice, and petitioner successfully appealed both times. *See Guadalupe Arroyo v. State*, No. E2006-01037-CCA-R3-PC, 2007 WL 3144999, at *1 (Tenn. Crim. App. Oct. 29, 2007); *Guadalupe Arroyo v. State*, No. E2008-01220-CCA-R3-PC, 2009 WL 2503152, at *1 (Tenn. Crim. App. Aug. 17, 2009). Eventually, the post-conviction court held an evidentiary hearing and denied post-conviction relief. Petitioner now appeals, arguing that he received ineffective assistance of counsel and requesting a delayed appeal. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Guadalupe Arroyo.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Randall E. Nichols, District Attorney General; and Philip Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Procedural History

On October 31, 2000, petitioner struck another vehicle while driving in Knoxville, Tennessee. *Guadalupe Arroyo*, 2003 WL 1563209, at *1. The driver and the passenger in the other vehicle both died. *Id.* Petitioner had a blood alcohol level of 0.18 percent. *Id.* Petitioner pleaded guilty to two counts of vehicular homicide, and the trial court sentenced him to two consecutive twelve-year terms. *Id.*

Petitioner appealed his sentence, and this court concluded that the trial court had misapplied enhancement factors and had failed to consider the *Wilkerson* factors[1] before imposing consecutive sentences. *Guadalupe Arroyo*, 2003 WL 1563209, at *5. Upon remand, the trial court held a second sentencing hearing and again sentenced petitioner to two consecutive twelve-year terms. *Guadalupe Arroyo*, 2004 WL 1924033, at *1. Petitioner appealed his sentence, and this court remanded to the trial court again for a new hearing in light of *Blakely*[2] and for specific findings to justify consecutive sentencing. *Id.* On February 24, 2005, the trial court filed a written order purporting to set forth the findings required by this court. In the order, the trial court ruled that petitioner had waived any *Blakely* issues by pleading guilty and that consecutive sentences were reasonably related to the severity of the offenses and necessary to protect the public because petitioner admitted to drinking on a daily basis, driving without a license daily, and being in this country illegally.

The post-conviction history of this case is as complex as its direct appeal history. Petitioner submitted his original petition for post-conviction relief to prison authorities on March 27, 2006, and it was filed on April 4, 2006. *Guadalupe Arroyo*, 2007 WL 3144999, at *1. The post-conviction court dismissed the petition as time-barred, but petitioner successfully appealed. *Id.* This court concluded that the petition was timely and reversed the dismissal. *Id.* On remand, the post-conviction court summarily dismissed the petition for failure to state a factual basis for the claim. *Guadalupe Arroyo*, 2009 WL 2503152, at *2. Again, petitioner successfully appealed, and this court remanded with specific instructions for the trial court to allow petitioner to amend his petition and to hold an evidentiary hearing. *Id.* at *4. The post-conviction court held the evidentiary hearing on October 11, 2012.

## II. Evidentiary Hearing & Post-Conviction Court's Ruling

[1] *State v. Wilkerson*, 905 S.W.2d 933, 938 (Tenn. 1995).

[2] *Blakely v. Washington*, 542 U.S. 296 (2004).

Petitioner and his trial counsel were the only witnesses at the post-conviction hearing. Petitioner testified that trial counsel filed two appeals for him. He further testified that he never saw nor was aware of the third sentencing order filed in his case. Petitioner said that trial counsel never talked with him after the second appeal. Petitioner stated that he did not tell trial counsel that he did not want to appeal again.

On cross-examination, petitioner testified that his understanding of his plea agreement was that he would receive a sentence of twelve years. When the trial court actually sentenced him to twenty-four years, he instructed trial counsel to appeal the sentence. Petitioner recalled having a second sentencing hearing and a second appeal. He claimed that he never spoke with trial counsel after the second appeal, and he denied having a conversation with trial counsel about the futility of a third appeal. Petitioner said that he did not remember trial counsel's telling him that trial counsel wrote a letter to the original trial court on his behalf.

Trial counsel testified that as of the time of the post-conviction hearing, he had been practicing law for thirty-seven years. He recalled representing petitioner, who had been indicted on two counts of vehicular homicide. Trial counsel further recalled that petitioner pleaded guilty to both counts and that the trial court sentenced him to twenty-four years. Trial counsel testified that he successfully appealed the trial court's sentencing twice, and the trial court imposed the same sentence each time. Trial counsel said that "after the second sentencing hearing," he and petitioner had a discussion about appealing again. Trial counsel recalled that he told the petitioner that they had "appealed twice," and he informed petitioner that he had the right to appeal again. Trial counsel told petitioner that he did not believe petitioner "would get anywhere with it." Trial counsel testified that petitioner "more or less assented. He pretty much agreed." He further testified that petitioner did not insist that trial counsel file another appeal.

Trial counsel said that following the second remand, there was not another sentencing hearing. He recalled sending the original trial court a letter regarding petitioner's sentence in January 2005, and the trial court filed its final sentencing order in February 2005. Trial counsel testified that he sent petitioner a letter in which he said that he believed another appeal would be "fruitless." He said that he never received a response from petitioner. Trial counsel stated that he did not have copies of either the letter to the court or to petitioner because, per office policy, he had destroyed petitioner's file after five years.[3]

On cross-examination, trial counsel agreed that there had been two appeals. When asked whether he appealed from the second hearing, he responded, "Well, not after the

_____

[3] The State introduced as an exhibit a copy of the letter that trial counsel sent to the trial court that had been found in its files.

second sentencing hearing. We had the day that he pleaded guilty, then the first hearing, then the second hearing[;] there was oral argument, and then . . . that was when we had the conversation back here." Trial counsel said that he could not recall whether there was an evidentiary hearing prior to the trial court's filing of the third sentencing order. He confirmed that he sent the petitioner the letter previously mentioned after the filing of the third sentencing order.

In its order denying post-conviction relief, the post-conviction court stated that it specifically accredited trial counsel's testimony and stated that it "[did] not believe that trial counsel simply abandoned the case after the second remand." The post-conviction court found that petitioner and trial counsel discussed and decided against a third appeal. The post-conviction court determined that petitioner failed to show that trial counsel provided ineffective assistance of counsel. Furthermore, the post-conviction court determined that petitioner waived any challenge to the third sentencing order because he knew that he could appeal and chose not to do so. The petitioner filed a timely notice of appeal, and this matter is now properly before this court on the merits of his petition for post-conviction relief.

## III. Analysis

On appeal, petitioner contends that the record preponderates against the post-conviction court's finding that petitioner intended to waive his right to appeal. He insists that we accredit his testimony at the post-conviction hearing that he never discussed a third appeal with trial counsel. The State responds that the post-conviction court correctly denied post-conviction relief.

To obtain relief in a post-conviction proceeding, a petitioner must demonstrate that his or her "conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2012). A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2012). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010) (quoting *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009)).

Appellate courts do not reassess the trial court's determination of the credibility of witnesses. *Dellinger v. State*, 279 S.W.3d 282, 292 (Tenn. 2009) (citing *R.D.S. v. State*, 245 S.W.3d 356, 362 (Tenn. 2008)). Assessing the credibility of witnesses is a matter entrusted to the trial judge as the trier of fact. *R.D.S.*, 245 S.W.3d at 362 (quoting *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). The post-conviction court's findings of fact are conclusive on appeal unless the preponderance of the evidence is otherwise. *Berry v. State*, 366 S.W.3d

160, 169 (Tenn. Crim. App. 2011) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997)). However, conclusions of law receive no presumption of correctness on appeal. *Id.* (citing *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001)). As a mixed question of law and fact, this court's review of petitioner's ineffective assistance of counsel claims is de novo with no presumption of correctness. *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011).

The post-conviction procedure act provides that a trial judge may grant a petitioner a delayed appeal if it "finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee." Tenn. Code Ann. § 40-30-113 (2012). In addition, Tennessee Code Annotated section 40-30-111(a) provides that a court may order a delayed appeal if it finds that a petitioner's counsel was ineffective on direct appeal. "These statutes clearly indicate that a defendant may receive a delayed appeal where there has been a denial of the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution." *Wallace v. State*, 121 S.W.3d 652, 656 (Tenn. 2003).

The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, and article I, section 9 of the Tennessee Constitution require that a criminal defendant receive effective assistance of counsel. *Cauthern v. State*, 145 S.W.3d 571, 598 (Tenn. Crim. App. 2004) (citing *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975)). When a petitioner claims that he received ineffective assistance of counsel, he must demonstrate both that his lawyer's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007) (citation omitted). It follows that if this court holds that either prong is not met, we are not compelled to consider the other prong. *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004). However, there exists a small set of cases wherein prejudice is presumed, and a petitioner does not have to show actual prejudice under *Strickland*. *Wallace*, 121 S.W.3d at 657 (citing *United States v. Cronic*, 466 U.S. 648 (1984)). Our supreme court has recognized that "a complete failure to subject the State's case to appellate scrutiny" is presumptively prejudicial. *Id.* at 660.

To prove that counsel's performance was deficient, petitioner must establish that his attorney's conduct fell below an objective standard of "'reasonableness under prevailing professional norms.'" *Finch*, 226 S.W.3d at 315 (quoting *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006)). As our supreme court has previously held:

> "[T]he assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence. . . .

Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations."

*Id.* at 315-16 (quoting *Baxter*, 523 S.W.2d at 934-35). On appellate review of trial counsel's performance, this court "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 689).

To prove that petitioner suffered prejudice as a result of counsel's deficient performance, he "must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different." *Vaughn*, 202 S.W.3d at 116 (citing *Strickland*, 466 U.S. at 694). "A 'reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). As such, petitioner must establish that his attorney's deficient performance was of such magnitude that he was deprived of a fair trial and that the reliability of the outcome was called into question. *Finch*, 226 S.W.3d at 316 (citing *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999)).

In this case, petitioner contends that he was denied the right to appeal through no fault of his own. If petitioner's allegation were true, it would trigger a presumption that trial counsel's performance was prejudicial under *Wallace*, 121 S.W.3d 652. In support of his argument, he cites the fact that trial counsel never filed a written waiver of appeal. He also insists that the evidence presented at the post-conviction hearing, namely the testimony of petitioner and trial counsel, preponderates against the post-conviction court's findings.

Tennessee Rule of Criminal Procedure 37(d) provides the procedure for a defendant to waive an appeal. The rule states that "counsel for the defendant shall file with the clerk, during the time within which the notice of appeal could have been filed, a written waiver of appeal." Tenn. R. Crim. P. 37(d). "Failure to conform to this rule does not, however, violate a constitutional right." *Rainer v. State*, 958 S.W.2d 356, 357 (Tenn. Crim. App. 1997). A constitutional right is violated if an attorney fails to file an appeal after being instructed to do so. *Id.* However, when a post-conviction court finds that trial counsel has been told not to pursue an appeal and never receives contradictory instructions, the petitioner is not entitled to post-conviction relief. *See id.* Such is the case *sub judice*.

The post-conviction court made a specific factual finding that trial counsel and petitioner discussed and decided against a third appeal. In addition, the post-conviction court made a specific factual finding that trial counsel sent petitioner a letter after the filing of the last sentencing order to confirm that he was not filing an appeal. These factual findings were based on a credibility determination that will not be disturbed by this court. *See Dellinger*,

279 S.W.3d at 292. Based on the fact that he had been through the appellate procedure twice, it is reasonable to conclude that petitioner understood his appellate rights, but instead of asking trial counsel to appeal again, he agreed with trial counsel that a third appeal would be fruitless and then never instructed trial counsel otherwise. Therefore, under *Rainer*, we conclude that petitioner is not entitled to post-conviction relief. *See Rainer*, 958 S.W.2d at 357. Furthermore, petitioner is not entitled to a delayed appeal because he was not denied the effective assistance of counsel. *See Wallace*, 121 S.W.3d at 656.

## CONCLUSION

Based on the record, the parties' briefs, and the applicable law, we conclude that the post-conviction court properly dismissed the petitioner's petition for post-conviction relief.


_____

ROGER A. PAGE, JUDGE