IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 8, 2014

## GUADALUPE ARROYO v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**No. 84012      Bob R. McGee, Judge**

_____

**No. E2012-02703-SC-R11-PC - Filed May 21, 2014**

_____

GARY R. WADE, C.J., dissenting.

        In January of 2002, Guadalupe Arroyo (the "Petitioner") pled guilty to two counts of vehicular homicide.  The trial court imposed two twelve-year sentences to be served consecutively—an effective sentence of twenty-four years.  The Petitioner successfully appealed to the Court of Criminal Appeals on the basis that the trial court had imposed consecutive sentencing based upon the "dangerous offender" classification in Tennessee Code Annotated section 40-35-115(b)(4) (2010) without first addressing the requisite factors set forth in State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995).  A second appeal on the same issue also resulted in a second remand to the trial court.  In a third sentencing order, the trial court held that the sentences were reasonably related to the severity of the offenses and were necessary to protect the public, grounds essential for the imposition of consecutive sentences based upon the "dangerous offender" classification.  Id. at 938; see also State v. Pollard, No. M2011-00332-SC-R11-CD, 2013 WL 6732667, at *9-10 (Tenn. Dec. 20, 2013).  The reasons cited were as follows:

> [One,] during the prior sentencing hearing the [Petitioner] admitted to underage drinking on a daily basis, confirmed in the pre-sentence report;
>
> Two, the [Petitioner] admitted to driving without a license daily; and
>
> Three, the [Petitioner] has been illegally within this country since his arrival.

No appeal was taken from this sentencing order.  Later, the Petitioner filed a petition for post-conviction relief alleging that he was denied the effective assistance of counsel because his trial counsel had failed to appeal the third sentencing order.

At the post-conviction hearing, the Petitioner testified that he understood his plea bargain to mean that he would serve one twelve-year sentence. The Petitioner further testified that he had no knowledge of the trial court's third sentencing order and that his trial counsel had failed to communicate with him after the second appeal.

In response, the Petitioner's trial counsel testified that after he had successfully appealed the sentence on two occasions based upon the trial court's failure to specifically address the Wilkerson factors, he informed the Petitioner of his right to appeal a third time, but cautioned, "I really don't believe that you would get anywhere with it." Trial counsel claimed that the Petitioner had "pretty much agreed" and "more or less agreed that we wouldn't get anywhere after two appeals," and he insisted that the Petitioner never instructed him to appeal the third order. Trial counsel also testified that he wrote the Petitioner a letter explaining that a third appeal would be "fruitless." Although trial counsel could not produce the letter because his policy was to destroy files after five years, he contended that the Petitioner failed to respond. Trial counsel acknowledged, however, that he neither asked the Petitioner to sign a waiver of appeal nor filed a written waiver of appeal in accordance with Tennessee Rule of Criminal Procedure 37(d)(2), which states that if a defendant chooses to waive an appeal, "counsel for the defendant shall file . . . a written waiver of appeal, which must (A) clearly reflect that the defendant is aware of the right to appeal and voluntarily waives it; and (B) be signed by the defendant and the defendant's counsel of record." (Emphasis added.)

The majority concludes that the Petitioner failed to prove by clear and convincing evidence that he did not know of his right to appeal and did not waive his right to appeal. Although I agree that the Petitioner knew or should have known of his right to appeal, I do not believe that the Petitioner can be said to have waived that right. In my opinion, when trial counsel fails to file a written waiver of appeal as required by Tennessee Rule of Criminal Procedure 37(d)(2), the proper inquiry is whether the record "clearly and unambiguously" shows that the defendant knew of his or her right to appeal and intended to waive that right. See, e.g., Hanke v. State, No. W2009-02659-CCA-R3-PC, 2011 WL 2476031, at *6 (Tenn. Crim. App. June 22, 2011). Because I do not believe that "pretty much" or "more or less" agreeing to forego a third appeal amounts to a clear and unambiguous waiver of the right to appeal, I would hold that the Petitioner must at least be granted a delayed appeal. Therefore, I respectfully dissent.

**I. Analysis**

Every criminal defendant has a constitutional right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both that counsel's performance was deficient and that the deficient

performance resulted in prejudice to the petitioner.  Strickland, 466 U.S. at 687; Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011).  If a petitioner can prove that he or she has been denied the effective assistance of counsel on direct appeal, one form of relief is to grant the petitioner a delayed appeal.  Wallace v. State, 121 S.W.3d 652, 656 (Tenn. 2003); see also Tenn. Code Ann. § 40-30-111(a) (2012).

The failure to comply with the requirements of Rule 37(d)(2) is not ineffective assistance of counsel per se.  Rainer v. State, 958 S.W.2d 356, 357 (Tenn. Crim. App. 1997).  I do, however, agree with the admonition by the majority that "attorneys are strongly advised to comply with the Rule."  In my view, Rule 37(d)(2), absent exceptional circumstances, always contemplates the filing of a written waiver of appeal.

Our Court of Criminal Appeals has established an appropriate safeguard to protect defendants from the loss of the right of appeal.  In Hendrix v. State, the Court of Criminal Appeals recognized the rule that "[f]ailure to file a written waiver of appeal [will] not render a judgment invalid if the record clearly and unambiguously shows that the defendant knew of his right to appeal and intended to waive that right."  No. 01C01-9708-CR-00343, 1998 WL 707802, at *2 (Tenn. Crim. App. Oct. 9, 1998); see also Tears v. State, No. M2003-02291-CCA-R3-PC, 2004 WL 2544677, at *5 (Tenn. Crim. App. Nov. 10, 2004); Taylor v. State, No. W2000-01991-CCA-R3-PC, 2001 WL 468653, at *5 (Tenn. Crim. App. May 3, 2001) (citing Jenkins v. State, No. 01C01-9405-CR-00156, 1995 WL 218500, at *3 (Tenn. Crim. App. Apr. 13, 1995)); Purdy v. State, No. 02C01-9807-CC-00211, 1999 WL 188177, at *3 (Tenn. Crim. App. Apr. 7, 1999).  Unlike the majority, I do not believe this rule is inconsistent with Tennessee Code Annotated section 40-30-110(f) (2012), which requires a post-conviction petitioner to prove his or her factual allegations by clear and convincing evidence.  Nor do I believe that the ruling in Hendrix gives the petitioner "a free pass or a lower standard of proof."  Rather, the ruling is consistent with the purpose of Tennessee Rule of Criminal Procedure 37(d)(2) and facilitates meaningful appellate review of whether a criminal defendant intended to waive his or her right to appeal.

In this instance, the Petitioner established by clear and convincing evidence—an admission by trial counsel—that no written waiver of appeal was filed under Rule 37(d)(2).  Trial counsel further admitted that although he met with the Petitioner after the second sentencing hearing, he did not speak with the Petitioner after the trial court issued its third sentencing order.  Applying the Hendrix rule, the question thus becomes whether the record clearly and unambiguously shows that the Petitioner intended to waive his right to appeal.  "In trying to discern the petitioner's intentions, it is important to note that 'counsel has an affirmative obligation to ascertain whether the defendant wishes to appeal, even if the appeal would only relate to the sentence.'"  Hanke, 2011 WL 2476031, at *7 (quoting Hurt v. State, No. 01C01-9207-CC-00213, 1993 WL 39751, at *3 (Tenn. Crim. App. Feb. 18, 1993)).  In

this instance, the Petitioner's trial counsel was equivocal about whether the Petitioner agreed that a third appeal would not be successful. I believe that the failure to comply with the rule constitutes deficient performance. In reaching this decision, I do not question the credibility of trial counsel nor do I overlook the credibility determinations made by the post-conviction court. The testimony in the record simply fails to establish that the Petitioner intentionally waived his right to appeal.

I would also hold that the failure of the Petitioner's trial counsel to file an appeal from the third sentencing order was presumptively prejudicial. See Wallace, 121 S.W.3d at 660 (finding that counsel's performance was deficient and presumptively prejudicial due to "a complete failure to subject the State's case to appellate scrutiny"). Trial counsel had twice successfully appealed the trial court's imposition of consecutive sentences because the trial court had failed on each of two orders to apply the standard established in Wilkerson—a procedural error. Although the trial court listed its reasons for imposing the "dangerous offender" classification in the third sentencing order, the Petitioner was denied his right to appellate review on the substantive issue—whether the grounds cited sufficiently established the Petitioner as a dangerous offender. Under these circumstances, I believe that the Petitioner should have been granted a delayed appeal.

**II. Conclusion**

In summary, Tennessee Rule of Criminal Procedure 37(d)(2) sets forth an important requirement that trial counsel file a written waiver of appeal to clearly reflect when a defendant is aware of his or her right to appeal but chooses to voluntarily waive that right. In the absence of such written proof, the record must clearly and unambiguously show that the defendant intended to forego an appeal. Because this standard has not been met, I would reverse the denial of post-conviction relief and grant the Petitioner a delayed appeal on the merits of the trial court's third sentencing order.

_____
GARY R. WADE, CHIEF JUSTICE